Chief Justice Robertson
delivered the Opinion of the Court.
Upon the execution of a bond by William Cooper, as principal, and Alexander H. Atchison, as surety, an action of replevin was brought, by the said Cooper and James Headly and William Atchison, against George W. Brown, for a slave.
Brown pleaded, in abatement of the action, a failure to execute a bond according to law. The replication set out the bond executed by Cooper and A. H. Atchi-son, containing a condition conformable with the act of 1830, (2 Stat. Law, 1360,) except that, instead of stipulating for a return of the slave and a payment of hire in the event of failing “to establish their right,” it stipulated that the plaintiffs would well and truly prosecute their writ; pay all damages which might ensue to the defendant, and be adjudged against them, and áko perform any judgment of the Court.
If the bond required , by the statute , of the pltf. in replevin, is signed by the surety, it is sufficient ; the pltf. is liable without any bond.
At common law, the pltf. in reple-vin was never en titled to a judg’t pro retomo, until he had become actor, & shown his right thereto: . — not where he pleaded non ce-pit, or pleaded inabatem’t, with out averring a right in himself, or denying the pltf’s right; nor where the pltf. was non-suited after his count was filed, hut before he had asserted a right to restitution , by plea.
The bond required by the English statutes, only bound the pltf. for a return of the property, ‘ if a return thereof should be awarded.’ But that re quinad by our act of ’30(§2)makes the pltf. and his euretyliableinuif casesinwhichhe shall fail successfully to pro secute his action, for the value of the property taken, unless it is restored.— And this statute will not admit of a construction re stricting its appli cation to cases where def’ts, by their pleadings & proof,show them selves entitled to a return: hence, wheneverthepltf fails successfully to prosecute his suit,there should be judg’t pro re-torno, altho’ the deft, may not be entitled to it according to the common law. — • But—
*334 But the Circuit Judge, considering the bond insufficient, sustained a demurrer to the replication, and thereupon abated the action, and rendered judgment for a return of the slave to the defendant.
As the assignment of errors does not complain of the judgment for a return — the only question to be now revised by this Court, is whether the replevin bond is sufficient.
Only two objections to it have been suggested: first— that it was not signed by all the plaintiffs; and, second • — that it does not stipulate specifically for paying hire and returning the slave, in the event of a failure by the plaintiffs “to establish their right.” But neither of these objections should, in our opinion, be deemed valid.
First. As the plaintiffs would be liable without a bond, the only object of requiring the execution of a bond was to secure their liability by a sufficient surety; and therefore, we should not doubt that a bond signed by a surety alone, might be good and sufficient, under the statute. It might be impossible for every plaintiff in replevin to execute a replevin bond, and it would be unreasonable to require every one to do so.
Second. The opinion of the Circuit Court on the second objection, was doubtless superinduced by the peculiar provisions and phraseology of the first and second sections of the act of 1830, (supra.) In addition to the new and anomalous condition, as to hire and return, prescribed in the first section, the second section provides that, “in all cases embraced by this act, in which “ the plaintiff in replevin shall fail successfully to prose- “ cute his action, he and his securities shall be liable, in “ an action on the bond, to the value of the property re- “ plevied, unless the property be restored.”
Statutes innovating on the common law frequently create much confusion and perplexity. And the statute of 1830 may be eminently of that character and tendency. An analysis of its peculiar provisions, and a careful survey of all the consequences of a literal interpretation of its phraseology, will suggest many perplexing questions, as to its effect upon the common law, and *335 therefore, as to the objects contemplated in the enactment of it.
Where a def’t nt™ plaintiff may be nonsuited, it may be said, that he has not failed to prosecute with success — as the plea admits the right of property in the plaintiff.
According to the common law, a defendant in replevin is not entitled to a judgment of retorno, upon pleading non cepit, or any plea in abatement which does not aver a right in himself, or deny the plaintiff’s right; nor upon nonsuiting the plaintiff, after the filing of a count and before the filing of a plea asserting a right to restitution; because, in order to obtain a judgment for a return, the defendant in replevin must become, an actor, and show a right thereto. Wilkinson on Rep. 47, 90. And therefore, the bond prescribed by the statute of Edward I. and by that of Charles II. required a return of the property, “if a return thereof shall be awarded.”
Was it the object of the Legislature to secure a return to a defendant, whenever the plaintiff should fail to prosecute his action successfully, or should fail to establish his right to the property replevied, even though the defendant had neither shown, nor by plea asserted, a right to restitution, nor denied the right of the plaintiff?— Though we may perceive no consistent or adequate motive for such an enactment — nevertheless, such is the obvious import of the first and second sections of the act of 1830; and if that was not the object of the Legislature, we can perceive no motive for enacting the statute. The act does not expressly require a judgment for a return, when, according to the common law, the defendant would not be entitled to such a judgment: but, if the Legislature intended to secure a return, whenever the plaintiff shall have failed to establish his right, or to maintain his action, it must have intended also, that, in every such case, the defendant should have a judgment of retorno; because he certainly should have such a judgment, whenever he shall be entitled to restitution.
Such is the obvious literal import of the act of 1830; and therefore, as we can imagine no other end of enacting it, we feel bound to give it that constructive effect.
A difficulty.may still, however, arise when, after a plea of non cepit, the plaintiff shall have been nonsuited; *336 for though the plea virtually admits a right of property in the plaintiff, nevertheless, the plaintiff has failed to uprosecute his suit successfullyBut this difficulty may perhaps be obviated by supposing that, in such a state of case, the plaintiff has not failed in his suit so fan as his right to the property may be concerned; because, though his action has failed, the defendant’s plea conceded his right of property.
A bond with con pítfíTinÍeplevin shall weilij’tiuiy writ^°pay alfd* mages that may andUbe°adjudged afs'o^erfo'-Tín^' jhidg’u'nhe'ct —held to besuf--ficient: for, tho’ not in the words vidlfhave aJlTthe effect required
_ pjevin^c'anno't^ without a judg’t the” compEda re-tu™ °f |he Pl'°P-mamadr^an ac-tionon thebond, for a failure to return it. Vide supra.
But, notwithstanding the interpretation we feel bound t0 gjve t0 act 1 83®’ We are °P™on that the bond, in this case, is substantially good. The stipula-ti°n for paying damages will include hire; and the stipulation for prosecuting the suit, and for performing any judgment of the Court, will bind the parties to make return s^ave’ on to establish their right; for, upon such a failure, the defendant was, according to the effect 0f the act of 1830, entitled to a judgment of re- . . , • torno; and, if he should have failed to obtain such judgment» coufo not either compel a return, or maintain a suit for failing to make return, even if the condition of the bond had been precisely that prescribed by the first section of the act of 1830. The bond, us given, therefore, secures every right which could have been enforced upon a bond executed according to the letter of the statute. And surely, any bond will be good which will effectuate all the objects which could be secured by such a bond as the statute prescribes. 1
. . In this case, the defendant having obtained a judgment for restitution, the bond would secure a return of the slave, because it binds the parties to perform the judgment, that is, to make return as awarded or required by the judgment.
We are, therefore, of the opinion that the replication to the plea in abatement is good; and that, therefore, the Circuit Court erred in sustaining the demurrer to it, and in abating the action for want of a sufficient bond.
Judgment reversed, and cause remanded for further proceedings.