## Gullett v. Blanton, et al.

(Decided February 17, 1914.)

Appeal from Johnson Circuit Court.

1. Jurisdiction—Justice's Court—Counterclaim Exceeding Jurisdiction—Practice.—Under Sec. 720 of the Civil Code when a set-off or counterclaim is filed in a suit pending in a Justice's Court that. exceeds the jurisdiction of the court, the Justice should transfer the case to the court having jurisdiction.
2. Jurisdiction—Justice's Court—Void Judgment—Practice—When a counterclaim or set-off exceeding the jurisdiction is filed in the court of a Justice of the Peace, and the Justice refuses, on motion, to transfer the case to a court having jurisdiction, if he renders a judgment for the plaintiff, the judgment will be void.
3. Injunction—Void Judgment.—A void judgment may be attacked and proceedings under it enjoined in any court having jurisdiction. The injunction suit need not be brought in the court in which the judgment was rendered.

VAUGHAN & HOWES for appellant.

FOGG & KIRK for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The only question in this case is this: Has a justice of the peace jurisdiction to give judgment for the plaintiff on a claim within his jurisdiction after the defendant has filed a counterclaim or set-off exceeding the jurisdiction of justices of the peace and moved to transfer the case to a court having jurisdiction of the set-off or counterclaim?

Section 720 of the Civil Code, which is a part of the chapter relating to the practice in and jurisdiction of inferior courts, including justices' courts, provides that "A set-off or counterclaim, though exceeding, in amount, the jurisdiction of the court, may be used to bar and ex-

tinguish the demand of the plaintiff; but no judgment shall be rendered in favor of the defendant for the excess, unless such excess be within the limits of the court's jurisdiction as to amount. The judgment shall ascertain the amount due to the plaintiff and give him a credit therefor on the claim used as a set-off or counterclaim: *Provided,* That when the amount of the counterclaim or set-off exceeds the jurisdiction of the court trying the cause,. the court shall, on motion of either party to the action, or by their attorneys, transfer the cause to the court having jurisdiction.''

In the case we have the appellee, Blanton, sued the appellant, Gullett, in a court of justice of the peace on a claim amounting to one hundred dollars. Gullett, as defendant to this suit, filed an answer in which he set up a counterclaim amounting to one hundred and twenty-five dollars, and moved the justice to transfer the case to a court having jurisdiction of the same. Blanton objected to the transfer and the motion was overruled by the justice, who proceeded to hear and determine the controversy and give judgment against Gullett for the amount of Blanton's claim.

After this an execution issued on the judgment and Gullett, proceeding upon the theory that the judgment was void, brought this suit in the circuit court to enjoin the collection of the execution. The circuit court sustained a demurrer to the petition, and thereupon it was dismissed and this appeal prosecuted.

It is conceded by counsel for appellee that the ruling of the justice in refusing to transfer the case and in giving judgment was erroneous, but it is insisted that it was not void. If the judgment was merely erroneous and not void, this suit to enjoin the collection of the execution could not be maintained, and so the question is, did the justice have jurisdiction to render a judgment in the case after a motion to transfer had been made? If he did not have jurisdiction, his judgment was void for want of jurisdiction; Black on Judgments, Vol. 1, Sec. 240. If he did have jurisdiction, it was merely erroneous.

A void judgment may be attacked and proceedings under it enjoined in any court having jurisdiction of the subject matter of the action, and if the judgment was void, the circuit court in which this suit was filed to enjoin proceedings under it, had jurisdiction to do so;

Robinson v. Carlton, 123 Ky., 419; Willis v. Tomes, 141 Ky., 431.

The jurisdiction of justices' courts is limited by Sec. 1086 of the Kentucky Statutes to "actions and proceedings for the recovery of money or personal property in civil cases, where the matter in controversy, exclusive of interest and costs, does not exceed one hundred dollars," and as the counterclaim asserted amounted to one hundred and twenty-five dollars, it is of course apparent that the amount in controversy on the counterclaim exceeded the jurisdiction of the court.

It will be observed that the first paragraph of Sec. 720 provides that a set-off or counterclaim may be filed exceeding the jurisdiction of the court, for the purpose of extinguishing the demand sued on, but that no judgment can be rendered on the counterclaim in excess of the jurisdiction of the court; but in 1893 the section was amended by adding to it the words contained in the last paragraph providing that when the amount of the counterclaim or set-off exceeds the jurisdiction, the court, on motion, should transfer the action to a court having jurisdiction.

It was manifestly the purpose of this amendment to divest a justice's court of jurisdiction of the entire action when a counterclaim or set-off was filed asserting a claim in excess of the jurisdiction of the court, accompanied by a motion to transfer the action, and we think this section should be so construed. Before the amendment a defendant who had a valid set-off or counterclaim exceeding the jurisdiction of the court could only avail himself of so much of it as was within the jurisdiction of the court for the purpose of defeating the claim of the plaintiff, and he must then resort to a new action to recover the balance due on his counterclaim, thus making necessary two suits when the matter in controversy could have been settled in one in a court having jurisdiction, and it was to remedy this condition that the section was amended. Under the section as it now reads the amount in controversy is to be determined not alone by the amount of the plaintiff's claim, because in no event would the court have jurisdiction of a suit on his claim if it exceeded the statutory amount. It is to be determined by the amount sought to be recovered in the set-off or counterclaim, and if the amount sought to be recovered in the set-off or counterclaim exceeds the jurisdiction, and a

motion is made to transfer, the court cannot proceed to hear and determine the case, as the amount in controversy exceeds the jurisdiction of the court and the action should be transferred.

If, however, the defendant files a set-off or counterclaim exceeding the jurisdiction of the court, and neither of the parties see proper to move to transfer, the court may proceed with the case and give judgment according to the rights of the parties for an amount not exceeding its jurisdiction. Under the Code provision a motion to transfer is necessary to divest the court of jurisdiction. If this motion is not made, the parties will be treated as consenting that only so much of the set-off or counterclaim as may be necessary to extinguish the plaintiff's debt or as is within the jurisdiction of the court shall be available, or in other words, as only presenting a set-off or counterclaim within the jurisdiction of the court.

Having this view of the matter, we think the judgment in the justice's court was void, and that the circuit court should have enjoined the collection of the execution issued thereunder.

Wherefore, the judgment is reversed, with directions to proceed in conformity with this opinion.