## Kentucky River Hardwood Company v. Noble, et al.

(Decided March 1, 1916.)

### Appeal from Breathitt Circuit Court.

1. Judgment—Stay of Proceedings Upon Judgment—Section 285 Civil Code.—To section 285 of the Civil Code of Practice, which provides that an injunction to stay proceedings on a judgment shall not be granted in an action brought by the party seeking the injunction, in any other court than that in which the judgment was rendered, there are two exceptions: (1) where the judgment is void; and (2) where the court rendering the judgment has no civil jurisdiction; and in either case, proceedings under the void judgment may be enjoined in any court of competent jurisdiction.

2. Judgment—When Proceeding Under May be Enjoined.—Where an execution is issued without a judgment to support it, the proceedings under the execution are void, and may be enjoined in. any court of competent jurisdiction.

3. Appeal and Error—Suit to Enjoin Levy of Execution.—A suit to enjoin the levying of an execution for $75.00\ is not a suit to recover a money judgment; and, being an action where the only remedy sought is by way of injunction, an appeal is not forbidden by section 950 of the Kentucky Statutes.

GRANNIS BACH for appellant.

ADAMS & HOLLIDAY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Reversing.

The appellant, the Kentucky River Hardwood Company, brought this action to enjoin a constable from levying an execution for $75.00 upon the property of the plaintiff, upon the ground that no judgment had been rendered against the plaintiff in the justice's court from which the execution issued, or elsewhere.

A general demurrer was filed to the petition; and, the court treating it as a special demurrer to the jurisdiction of the court, sustained it and dismissed the petition. From that judgment the plaintiff prosecutes this appeal.

We are advised in the brief for appellant that the lower court sustained the demurrer upon the idea that under section 285 of the Civil Code of Practice, an injunction to stay proceedings on a judgment shall not be granted in an action brought by the party seeking the

injunction, in any other court than that in which the judgment was rendered; and that the only forum that had jurisdiction of this case was the justice's court from which the execution issued.

We attach no importance to the fact that the court treated the general demurrer as though it were a special demurrer, since the general demurrer, in that case, raised the question of jurisdiction. If the execution sought to be enjoined had been issued on a judgment regularly entered in the justice's court, this action should, under section 285, *supra*, have been brought in that court. But, where the judgment is void, or where there is no judgment, and the execution, therefore, has no foundation upon which to rest, section 285, *supra*, has no application.

It was so expressly decided in Willis v. Tomes, 141 Ky., 435, where the court said:

"For the convenience of the profession, we may say that there are two exceptions to section 285, which provides that an injunction to stay proceedings on a judgment shall not be granted, in an action brought by the party seeking the injunction, in any other court than that in which the judgment was rendered:

"1.   Where the judgment is void.

"2.   Where the court rendering the judgment has no civil 'jurisdiction.' "

The rule is well settled that proceedings under a void judgment may be enjoined in any court of competent jurisdiction, and not merely in the court rendering the judgment. See also Combs v. Sewell, 22 Ky. L. R., 1026, 59 S. W., 526.

The rule above announced equally applies to a case in which there is no judgment. In neither case is there a judgment. The purpose of the Code was to give each court control over its judgments regularly entered, and to be free from the interference of other courts of co-ordinate jurisdiction.

So, where the judgment is void, or where there is no judgment, as in the case at bar, proceedings thereunder may be enjoined in any court of competent jurisdiction.

The fact that the execution was for only $75.00 does not deprive this court of jurisdiction to review the judgment. This is not a money judgment; and being an action where the only remedy sought is by way of in-

junction, an appeal is not forbidden by section 950 of the Kentucky Statutes. Shackelford v. Phillips, 112 Ky., 563; Cincinnati, P., B. S. & P. Packet Co. v. Malone, 29 Ky. L. R., 44, 92 S. W., 306. See also Thompson Straight Whiskey Co. v. Commonwealth, 157 Ky., 396, and the cases there cited.

Judgment reversed, with directions to the circuit court to overrule the demurrer to the petition.