## International Harvester Company of America v. Commonwealth.

(Decided May 5, 1916.)

### Appeal from Hickman Circuit Court.

1. Judgment—Constitutional Law.—A judgment based on an unconstitutional law is void, and upon the same footing as a judgment void for want of jurisdiction of the subject matter in the court rendering it.

2. Statutes—Constitutional Law—Decision Declaring Statute Unconstitutional—Effect of.—A decision by a court of last resort that a statute is unconstitutional, renders such statute absolutely void from the date of its enactment and not from the date of such decision.

3. Judgment—Default Judgment—Effect of.—The fact that a judgment is rendered by default, cannot be taken to cure or waive

radical defects going to the authority of the court to enter the judgment or to the foundation of plaintiff's cause of action.

4. Judgment—Collateral Attack—Void Judgment Subject To.—A void judgment is subject to collateral attack from any person affected by it.

5. Judgment—Collateral Attack—When Void Judgment Subject to.— A void judgment in a criminal or penal prosecution, whether the punishment it imposes be a fine or imprisonment, may be collaterally attacked by the defendant, in an action in equity by the Commonwealth in the nature of a bill for discovery, to enforce payment of the judgment.

HUMPHREY, MIDDLETON & HUMPHREY and BRADSHAW & BRADSHAW for appellant.

JAMES GARNETT, Attorney General, and R. L. SMITH, Commonwealth Attorney, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE.—Reversing.

In December, 1911, the appellant, International Harvester Company of America, was tried in the Hickman circuit court under an indictment charging it with an offense resulting from an alleged violation by it of the anti-pooling act of 1890, section 198 of the constitution and the pooling act of 1906, as construed and enforced by this court in numerous cases. Appellant did not appear or plead to the indictment, but, following the return of a verdict from a jury finding it guilty and inflicting a fine of $1,000.00, a default judgment was rendered by the court against it in favor of the Commonwealth for the amount of such fine, for which and the costs of the prosecution, execution thereafter issued and was returned "no property found." Later this action in equity, in the nature of a bill for discovery, was instituted by the Commonwealth under section 439, Civil Code, to compel of appellant the payment of the judgment, writs of attachment being issued in aid of this object.

Although the constitutionality of the laws under which the indictment was rendered and fine imposed against appellant by the verdict and judgment had, in a number of cases appealed to this court, been upheld by it, they were subsequently declared unconstitutional by the Supreme Court of the United States in three of these cases on writs of error therefrom to this court, viz.: Int'l Harvester Co. v. Commonwealth, 147 Ky. 564; Int'l

Harvester Co. v. Commonwealth, 147 Ky. 795; and Int'l Harvester Co. v. Commonwealth, 148 Ky. 572, the one opinion applying to each of the three cases being reported in International Harvester Co. v. Kentucky, 234 U: S. 216.

In the instant case the answer of the appellant interposed the defense that as under the decision of the Supreme Court of the United States in the cases, *supra,* the laws under which appellant was indicted, convicted and fined, as construed and applied by this court, are unconstitutional, the judgment against appellant, satisfaction of which is attempted to be here enforced, is void and, such being its status, it may be attacked collaterally. To the paragraph setting up this defense and other paragraphs of the answer, as amended, pleading a set-off against the judgment, the circuit court sustained a demurrer and appellant declining to plead further, judgment was rendered in accordance with the prayer of the petition. From the judgment manifesting these several rulings and finally disposing of the case, this appeal is prosecuted.

Is the judgment erroneous merely, or is it void? The authorities we have had an opportunity to examine all seem to agree that as a general rule all acts done under an unconstitutional law are void and of no effect, and that judgments rendered in the courts, or judicial proceedings under unconstitutional statutes, are void; also that a decision by a court of last resort, that a statute is unconstitutional, has the effect of rendering such statute absolutely null and void from the date of its enactment and not from the date on which it is judicially declared unconstitutional, 3 Cyc. 804, 805. It also seems to be well settled that the fact that a judgment is rendered by default cannot be taken to cure or waive radical defects going to the authority of the court to enter the judgment or to the foundation of plaintiff's cause of action. 23 Cyc. 751, 752. In this jurisdiction it has time and again been held, beginning with the earliest decisions, that a void judgment is subject to collateral attack from any person affected by it. Gullett v. Blanton, etc., 157 Ky. 457; Puckett, et al. v. Jameson, Sheriff, 157 Ky. 172; Robinson v. Charleston, etc., 123 Ky. 419; Bean v. Everett, 21 Rep. 1790; Carpenter v. Moorelock, 151 Ky. 506.

Is there any difference between a judgment which is void because the court was without jurisdiction of the subject matter and a judgment based upon a void

statute? We think not. In either case the court would be without authority to render the judgment. An officer cannot be punished for refusing to obey an unconstitutional law, nor, in a proceeding to compel performance of official duty, can he rely upon the provisions of an unconstitutional law purporting to dispense with such performance, as a defense. Counsel for appellant admit that after diligent research they have been unable to discover any case in which a judgment imposing a fine under an unconstitutional law has been attacked collaterally, but declare that the books abound with cases in which a judgment sentencing a defendant to imprisonment under an unconstitutional statute has been relieved against by *habeas corpus* proceedings; that is, upon collateral inquiry. Among the cases so holding they cite Ex Parte Siebold, 100 U. S. 371; Ex Parte Smith, 135 Mo. 223; Ex Parte Knight, 52 Fla. 144.

In the case first cited Siebold seems to have been convicted and given sentence of imprisonment in Baltimore, under a judgment of a federal court, for violation of the federal election laws committed at an election for representatives to the federal congress. He sued out a writ of *habeas corpus* to the Supreme Court of the United States. In discussing the question of its jurisdiction to issue the writ, that court said:

"The only ground on which this court, or any court, without some special statute authorizing it, will give relief on *habeas corpus* to a prisoner under conviction and sentence of another court is the want of jurisdiction in such court over the person or the cause, or some other matter rendering its proceedings void."

Further on in the opinion it is said:

"The validity of the judgments is assailed on the ground that the acts of Congress under which the indictments were found are unconstitutional. If this position is well taken, it affects the foundation of the whole proceedings. An unconstitutional law is void, and is as no law. An offense created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void. * * *"

In Ex Parte Smith, the petitioner for the writ of *habeas corpus,* following his conviction under a municipal ordinance of St. Louis, sued out a writ of *habeas corpus* to the Supreme Court of Missouri attacking the judgment convicting him upon the alleged ground that it was void

because the ordinance on which it was based was unconstitutional. In sustaining the petitioner's right to the writ the Supreme Court of Missouri in part said:

"It has been urged that we cannot, in *habeas corpus* proceedings, investigate and question the constitutionality of an act upon whose provisions a person has been tried and convicted; but we think otherwise. In Ex Parte Siebold, 100 U. S. 371, it is well said that 'an unconstitutional law is void, and is as no law. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment.' Formerly the courts were disinclined to look into the constitutionality of a statute in *habeas corpus* proceedings to determine whether a person was lawfully convicted; but, since the decision already quoted from, the state courts have fallen into the now prevalent practice of entertaining jurisdiction of such proceedings for the purpose mentioned. Church, Hab. Corp. (2 Ed.) Sec. 83, and cases cited in note 2; Id. sections 245a, 325, 349, 351, 352, and cases cited. * * * So that it may now be regarded as the established doctrine of this court that it will interfere by means of the writ of *habeas corpus* to look into and investigate the constitutionality of a statute or ordinance on which a judgment which results in the imprisonment of a petitioner is founded. And if it be true, as must be true, that an unconstitutional law is no law, then its constitutionality is open to attack at any stage of the proceedings, and even after conviction and judgment, and this upon the ground that no crime is shown, and therefore the trial court had no jurisdiction, because its criminal jurisdiction extends only to such matters as the law declares to be criminal; and, if there is no law making such declaration, or, what is tantamount thereto, if that law is unconstitutional, then the court which tries a party for such an assumed offense transcends its jurisdiction, and he is consequently entitled to his discharge, just the same as if the non-jurisdiction of such court should in any other manner be made apparent."

In Ex Parte Knight, the latter was convicted and imprisoned under a statute of Florida and the judgment of conviction was challenged on his application for a writ of *habeas corpus*. In that case the Supreme Court of Florida in part said:

"While the writ of *habeas corpus* cannot be used to review a judgment of conviction under which a prisoner is held, if the judgment is merely erroneous, yet, if the judgment is assailed on the ground that it is void because it is based on a charge made under an invalid provision of a statute, and the charge constitutes no offense under the laws of the state, the validity of the provision of the statute defining the offense may be determined on *habeas corpus*. See Ex Parte Bowen, 25 Fla. 214, 6 South 65; Ex Parte Hays, 25, Fla. 279, 6 South 64; Bronk v. State, 43 Fla. 461, 31 South 248, 99 Am. St. Rep. 119."

The reasoning of these opinions is sound, indeed, unanswerable. There can be no difference in legal effect between a judgment the penalty of which is imprisonment and one the penalty of which is a fine. A corporation as such cannot be subjected to imprisonment but must be punished by fine or deprivation of its charter rights; and a penalty by way of a fine commensurate with the offense, against a corporation would be as great a punishment to it as would that of imprisonment to an individual. So in dealing with corporations for punishable offenses the law substitutes a fine for imprisonment; the fine, however, being none the less a penal measure than imprisonment. Being imposed upon a corporation for the same purpose that imprisonment is imposed upon the individual, it has, as a punishment, the same corrective effect upon the corporation that imprisonment has upon the individual; and, as well argued by counsel for appellant, "the enactment under which the Harvester Company rests its case is the fourteenth amendment to the constitution, which places life, liberty and property in exactly the same category."

If the case here presented involved an attempt to enforce satisfaction of a void judgment rendered in a civil action, whether void because the court in which it was rendered had no jurisdiction of the subject matter or because it was founded on an unconstitutional statute, the defendant could, in either event, defeat its enforcement on that ground, or, without awaiting an action by the plaintiff for its enforcement, could himself, under the decisions in this jurisdiction, by suit enjoin its enforcement. If either of such remedies would be available to a party to rid himself of a void judgment rendered against him in a civil action, what valid objection can be urged to his right to resort to them for relief against a void

judgment rendered in a criminal or penal prosecution whether the punishment it imposed upon him be a fine or imprisonment?

We concur in the reasoning given in Ex Parte Smith, *supra,* that if the law under which the judgment of conviction in a criminal prosecution is rendered is unconstitutional, then the court which tries the accused and convicts him for an offense attempted to be created and punished thereby, is without jurisdiction to render such judgment, which entitled him to be discharged. just the same as if the non-jurisdiction of such court should in any other manner be made apparent. It is our conclusion, therefore, that the circuit court erred in rendering the judgment appealed from. The judgment herein complained of is void, hence the defense interposed to its enforcement should have prevailed.

This conclusion makes it unnecessary for us to decide whether appellant had the right to avail itself of the set-off pleaded by its answer. For the reasons indicated the judgment is reversed for such further proceedings as will conform to the opinion.