# Hays v. Baker.

(Decided February 6, 1931.)

J. R. LLEWELLYN and CHAS. N. HOBSON for appellant.

C. P. MOORE and D. H. BAKER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Some time prior to 1917 one Gideon Ison, Sr., recovered a judgment in Letcher county against one Jesse Roark, the exact amount of which is not shown by the record, but it was in the neighborhood of $1,000. However, its precise amount is not material. Roark, the defendant in that judgment, was then a resident of Letcher county, but later, and without satisfying the judgment, he moved to Jackson county, where he purchased a tract of land. Following that, Gideon Ison died, and his son Byrd Ison qualified in Letcher county as his personal representative. The latter employed the defendant and appellant in this action, David Hays, who was and is a practicing attorney in Whitesburg, Letcher county, Ky., to collect the judgment; the contract being that Hays should receive for his services a fee equal to 50 per cent. of the amount collected. Inasmuch as the

land, out of which only could the judgment be realized was located in Jackson county, defendant associated with him the plaintiff and appellee, A. W. Baker, to assist in whatever litigation was necessary, under an agreement that the conditional fee agreed upon between Hays and Byrd Ison should be equally divided between plaintiff and defendant in this action. At the end of the litigation in Jackson county to subject the land, the representative of Gideon Ison and some other creditors of Roark were successful, and about $800 net was realized on the Ison claim. Baker settled with Ison and (as Hays contends) did not account to him for any part of his fee, nor did Ison pay any part of it, and Hays instituted a suit against both Ison, as personal representative of his father, and Baker, in the Letcher circuit court to recover $201, the amount claimed as his part of the fee arising from the sum realized in the Jackson county litigation. Baker was served with process in that action in Jackson county, while his codefendant, Byrd Ison, as representative of his father, was served in Letcher county. The latter made no defense, but Baker, the plaintiff herein, did appear in the Letcher circuit court and moved to quash the return on the summons served on him, upon the ground that he was a nonresident of the county, and that the petition in the cause did not state a joint cause of action against him and his codefendant, the latter of whom was served in that county, and because of which the Letcher county judgment against him was void. He likewise filed a pleading based upon the same facts and asked the same relief. The court overruled all of his jurisdictional motions and pleadings, and he then filed an answer to the merits and later gave his deposition in the cause.

A trial was had on January 27, 1922, and the jury returned this verdict: "We the jury agree and find for the plaintiff $200.00." But the court by oversight rendered no judgment against Ison, the local defendant, as representative of his father's estate, and rendered one only against Baker, and directed the action to be stricken from the docket. At the succeeding term of court, and on April 12, 1922, plaintiff herein filed his motion in that court to set aside the judgment against him that was rendered on January 27, 1922, for various grounds set out therein, but that motion pended and was not acted on until May 9, 1923, when the court sustained it and set aside that judgment, and said therein that "the same is

now cancelled, set aside and held for naught, and a new trial is granted and this cause is redocketed for said purpose.'' The cause was then continued from term to term until the August term, 1925, when the court on September 9 of that year dismissed it for want of prosecution, but four days thereafter, and at the same term, that order of dismissal was set aside, which automatically reinstated the case on the docket. It was then continued, and on May 21, 1926, Ison filed an answer in the cause and made it a cross-petition against Baker and served summons on him. Baker again questioned the jurisdiction of the court on Ison's cross-petition against him, but it was overruled, and on September 13, 1926, a joint judgment against Baker and Ison, the personal representative, was rendered in favor of Hays, the defendant herein for the full amount sued for.

In the meantime, and while Baker's motion to set aside the first judgment of the Letcher circuit court was pending, Hays, the plaintiff in that judgment, issued an execution on the judgment of January 27, 1922, against Baker alone, and sent it to the sheriff of Jackson county, whereupon he filed an equity action in the Jackson circuit court against both the then sheriff of the county who had the execution against him and Hays, the defendant herein, the latter of whom still resided in Letcher county, to enjoin the collection of that execution upon the ground that the judgment of the Letcher circuit court upon which it issued was void, and he averred in his petition practically the same facts that he urged in the Letcher circuit court in support of his abatement motions and pleadings. Hays, one of the defendants in that Jackson county proceeding, conceiving that perhaps his execution was at least premature, made no defense therein, and the court rendered judgment perpetually enjoining, not only the execution and the judgment, but expressly adjudging that the judgment against Baker, the plaintiff in that action, was void, and that the Letcher circuit court had no jurisdiction of his person.

After Hays procured the second judgment, supra, he caused another execution to issue against Baker directed to the sheriff of Jackson county, and this action was filed by appellee, the defendant therein, against the present sheriff and Hays to enjoin the collection of that execution upon the same grounds that he relied on in obtaining the injunction against the collection of the first execution, and, in addition it was averred that the judgment in the

first injunction proceeding was a bar to any further or other proceedings in the Letcher cricuit court in the case of Hays v. Baker and Ison, and, being so, that the last judgment was also void for that additional reason. Hays appeared in the Jackson circuit court and controverted the grounds for relief, and, upon final submission, after evidence taken, the court rendered judgment enjoining the last execution upon the same grounds that it had enjoined the first one, and from that judgment the defendant, Hays, has filed the record in this court with a motion for appeal.

Plaintiff, to support both of his Jackson county injunction actions, relied exclusively upon violations of the provisions of section 80 of our Civil Code of Practice as interpreted in numerous opinions of this court, some of which are: Willis v. Tomes, 141 Ky. 431, 132 S. W. 1043, 1046; Second National Bank v. Prichard, 172 Ky. 190, 189 S. W. 14, and others cited in those opinions. Those opinions construed the section of the Code as rendering void (not erroneous and voidable) any judgment taken against a nonresident of the county wherein the action was pending contrary to its provisions, and, being so as to such nonresident defendant, its enforcement could be enjoined in any court of competent jurisdiction other than the one in which the judgment was rendered, and which is upon the theory that the inhibitions contained in section 285 of the Civil Code of Practice do not apply to a void judgment, but relate only to erroneous and voidable judgments, and which is the interpretation of that section announced in the cases, supra, and also in Gullett v. Blanton, 157 Ky. 457, 163 S. W. 465; Kentucky River Hardwood Co. v. Noble, 168 Ky. 773, 182 S. W. 941; E. H. Taylor, Jr., & Sons v. Thornton, 178 Ky. 463, 199 S. W. 40, and others found in the notes to the section. But, for the judgment to be void against the nonresident, defendant who was served out of the county where the action was pending, it should appear that the action was discontinued or dismissed as to the defendant who resided in the county where the action was pending, or if judgment be rendered in favor of the resident defendant and without defense made by the nonresident one, either as to the jurisdiction of the court over his person or to the merits of the case.

In the Prichard case, supra, the action had been dismissed as to the defendant who was summoned in the

county where the action was pending, and it was never reinstated as to him, and the opinion held that a default judgment thereafter rendered against the defendants who were summoned out of the county was void as being in conflict with the provisions of section 80 of the Code. In the Tomes case the same principle is announced, but the court further held in that opinion, and we think properly so, that no such consequence would follow where the non-resident defendant appeared and raised the question of the court's jurisdiction over him and which the court decided against him and he afterwards defended upon the merits. In such circumstances, this court in that opinion held that, the court "having authority to pass upon the question of jurisdiction, its judgment would have been binding and conclusive until set aside within proper time or reversed on appeal."

In this case, as we have seen, the plaintiff and appellant, who was the nonresident defendant in the Letcher county judgment, the enforcement of which he seeks to enjoin, contested that court's jurisdiction of his person, and it rendered judgment against him on such issues, and he then filed answer to the merits of the case, and which at most would render the Letcher county judgment only erroneous or voidable, and which could be remedied only by a proceeding in that court, or by reversal on appeal, neither of which proceedings was employed by plaintiff herein, and, because of his failure to do so, the Jackson circuit court was without jurisdiction to grant the relief sought and obtained in this action.

But it is said that the first judgment rendered in the Letcher circuit court struck the case from the docket and which it is insisted had the effect to put both the resident and nonresident defendants out of court, and that neither of them was thereafter summoned to reappear in that action, and for which reason the last judgment, the execution upon which is sought to be enjoined in this case, was and is void. That contention would be true were it not for the fact that the judgment of the Letcher circuit court striking the case from the docket was reopened by a motion that plaintiff himself made to set it aside, and which the court about one year after its making sustained, and after which the resident defendant filed answer in the cause. It therefore does not lie in the mouth of plaintiff to insist that the case in the Letcher circuit court was wrongfully reinstated on the docket when it was done upon his own motion. When the first

judgment striking the case from the docket was set aside, it restored the case to the same status it occupied before the striking order was made, and the same as before the first judgment against plaintiff was rendered. As we have said, the resident defendant thereafter answered to the merits and after which the last judgment was rendered. Under the opinion of the Tomes case, supra, that judgment was not void, and, if it were only erroneous or voidable, it should have been directly attacked either by a proceeding in the same court or by appeal, neither of which courses was pursued.

For the purposes of the present appeal, it need not be determined whether the first injunction granted by the Jackson circuit court was or was not proper, or whether that court had jurisdiction to grant it, since the second judgment, the enforcement of which is sought to be enjoined by this action, was rendered at a time when both the resident and nonresident defendants were before the court by summons in the action, and the latter attacked the jurisdiction of the court and then answered to the merits, which, under the rule announced in the Tomes case, relieved the subsequent judgment against him from being void or subject to attack in any court, except the one rendering it, and at most reduced its defects, if any, to the point of making the judgment only erroneous or voidable.

It is therefore our conclusion that the judgment appealed from was and is erroneous, and the motion for an appeal is sustained, and the judgment is reversed, with directions to set it aside and to dismiss the petition.