## Ewing v. Union Central Bank et al.

(Decided May 29, 1934.)

WRIGHT & WRIGHT for appellant.
GEORGE C. BURTON for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

From a judgment of the Jefferson circuit court, Chancery branch, Second division, sustaining a special demurrer to and dismissing her petition wherein she sought to enjoin the sale of her property under an execution which issued on a replevin bond, Mrs. Margaret A. Ewing is prosecuting this appeal.

By the petition and by affidavits found in the record it is made to appear that the Union Central Bank, through its liquidating agent, recovered judgment in the Jefferson circuit court, common pleas branch, Second division, against Mary E. Ewing, Bessie Riddell, and

Ruth Booker for $79. Mary Ewing represented to her mother, appellant, Margaret A. Ewing, that she desired to replevy the judgment and requested that appellant sign a replevin bond as surety for the defendants in the action; and on November 10, 1932, appellant appeared before the clerk of the Jefferson circuit court for the purpose of signing the replevin bond as such surety. According to the allegations of her petition and the affidavits of herself and her son, the clerk informed her that the defendants had not, at that time, signed the bond, but that, in order to save her the necessity of returning to the office, she might sign the bond and the principals could sign same later; that, relying on and believing that the principal judgment debtors would be required to and would sign the bond, she signed in blank, but that none of the principals ever signed same, nor was it ever completed or perfected; that on the 12th day of February, 1933, the clerk of the Jefferson circuit court issued an execution against her on the replevin bond in favor of the Union Central Bank, and that same was placed in the hands of Hubbard R. Petty, sheriff of Jefferson county, and was levied upon a house and lot in Louisville owned by her; that this property was advertised to sell under the execution on May 1, 1933. She further alleged that, because of the failure of the principals to sign the bond, none of them were liable or obligated to her, and that she would not be subrogated to any rights against them and could not recover, as contribution, any amount she was forced to pay under the bond; and that it was void and of no force and effect whatsoever.

After making the necessary allegations she asked for a temporary restraining order prohibiting defendants, appellees here, from proceeding further with the sale, and that on final hearing the injunction be made permanent, and that the bond be declared void.

Mary Ewing made affidavit that she contemplated replevying the judgment and arranged with her mother to sign the bond as her surety, but when she learned that the bond was made out for the sum of $111.70, which was greatly in excess of the amount of the judgment, she refused to sign same and decided she would not replevy the judgment; that therefore neither she nor the other defendants in the judgment ever executed any replevin bond; that she was not present at the time

her mother signed the bond and did not know she signed same until on or about November 12, 1932.

The chief deputy in the circuit clerk's office made affidavit that on November 10, 1932, at the request of Julian Ewing, brother of Mary and son of Margaret Ewing, the replevin bond was prepared; that it was completed before appellant signed it; that in addition to Margaret Ewing and Julian Ewing, her son, a woman approximately 30 years of age who he believed to be Mary Ewing was present at the time. It is further made to appear that on April 21, 1933, appellant entered a motion to quash the replevin, which motion was overruled on the 27th of that month.

The order sustaining the special demurrer to the petition does not assign any grounds for the court's action, but in brief it is made to appear that it was sustained on the theory that the court had no jurisdiction of the subject-matter.

It is urged by counsel for appellant that the replevin bond is void because it was not signed by the judgment debtors, and in support of this contention they cite and rely on the provisions of section 1676, Kentucky Statutes; and, further, that, since the replevin bond has the force and effect of a judgment and the bond in this instance is void, a court other than that in which the judgment was returned and the replevin bond taken may enjoin its enforcement.

To sustain the judgment of the lower court it is argued in effect by counsel for appellee: (1) That a replevin bond in due form signed by the surety alone and approved by the clerk of the court in which the judgment was rendered is a good and sufficient bond and enforceable against the surety; (2) that the order of the Jefferson circuit court, common pleas branch, Third divison, in overruling the motion to quash, was a final order and subject to appeal, and therefore the chancery branch of the Jefferson circuit court was without jurisdiction to interfere with such order by injunction or otherwise; and (3) that the enforcement of a judgment may not be enjoined in a court other than the one in which judgment was rendered.

Section 1676, Kentucky Statutes, in part provides: "Every bond taken on the sale of property under an order of judgment in chancery, or on the

sale of property under execution, and every replevin and forthcoming bond, shall be signed by the principal and sureties, and attested by the person taking the same, or by some one in his presence. * * *

"All such bonds shall have the force and effect of a judgment, and on which, if not paid at maturity, an execution may issue, and shall be indorsed that no surety of any kind is to be taken."

Section 1667, Kentucky Statutes, provides that, except in cases provided in succeeding sections, defendants may replevy any judgment for money for three months, where there is no execution thereon in the hands of the collecting officer, and prescribes in substance the form of the bond to be varied to suit any particular case.

The first question to be determined is whether the provision of section 1676 of the Statute that the bond shall be signed by both the principal and sureties is mandatory and must be strictly complied with to make the bond effective. As supporting the theory of appellees that a replevin bond signed by the surety alone is good and sufficient, the cases of Hughes' Administrator v. Hardesty, 76 Ky. (13 Bush) 364; Handley v. Rankins, 20 Ky. (4 T. B. Monroe) 554; and Cooper v. Brown, 37 Ky. (7 Dana) 333, are cited. The latter case was an action of replevin brought by Cooper and others against Brown for a slave. Objection was made to the bond executed as required by law in such actions on the ground that it was not signed by all the plaintiffs and on other grounds which are not pertinent here. It was held in effect that the objection that the bond was not signed by all the plaintiffs was not valid because plaintiff would be liable without any bond being issued and the only purpose of requiring the execution of a bond was to secure their liability by a surety. The bond in that case was executed under an act of 1830, which provided in effect that, before a writ of replevin could be sued out, the parties seeking the writ should execute a bond in the clerk's office in double the value of the property claimed, conditioned that he would return to the defendants the property about to be replevied and would pay the reasonable hire thereof, together with such costs and damages as should be awarded to defendants in the event plaintiff should fail to establish a right to the property to be replevied. Acts of 1830, p. 251.

In this as well as many other jurisdictions a statutory remedy styled claim and delivery is given in lieu of the common-law action of replevin. The bond given in common-law actions of replevin or in statutory actions of claim and delivery is different in nature and effect from the replevin bond given under section 1667 of the Statute. A valid bond given under this section satisfies the judgment, and liability thereafter attaches to and must be enforced under the bond and not under the judgment.

The manifest purpose of section 1667 of the Statute is to afford judgment debtors the privilege of staying the enforcement of a judgment by giving a bond with security. It is equally manifest by a reading of that section in connection with section 1676 that it was not intended that the judgment debtor should be relieved of all liability under the judgment or bond. But that very eventuality would follow as a consequence of the execution of a replevin bond by the surety alone, if that met the requirements of the statute, since it would satisfy the judgment, and the judgment creditor, not being a party to the bond, would incur no liability under it.

As a general rule, strict compliance with the letter of a statute in giving form of a bond is unnecessary where its language is permissive or directory. In other words, if the end to be accomplished by a statute may be attained without strictly following its directions, it is directory. McCreary v. Speer, 156 Ky. 783, 162 S. W. 99; Felts v. Edwards, 181 Ky. 287, 204 S. W. 145; Jones v. Steele, 210 Ky. 205, 275 S. W. 790.

In determining whether the directions of a statute are mandatory or directory, courts will not look to the form alone, but will ascertain the legislative intent from the language of the act considered in connection with its nature and purpose. Davidson v. Board of Education of Pikeville, 225 Ky. 165, 7 S. W. (2d) 1056.

The imperative character of the direction that the bond "shall be signed by the principal and sureties," considered in the light of the nature and purpose of the statute, impels the conclusion that it is mandatory and must be strictly followed to make a valid statutory replevin bond; and none of the authorities cited by appellee indicate otherwise.

It is, however, insisted, in effect, that any irregu-

larity in the bond due to noncompliance with the directions of the statute would at most only tend to deprive it of its quality as a statutory bond and leave it enforceable as a common-law obligation, and this contention is not without respectable authority. See Hardwick Woolen Mills v. Ball Bros., 223 Ky. 185, 3 S. W. (2d) 175, and cases referred to therein.

Even if this be a good common-law bond, a question we are not called upon to and do not determine, it is not given the same effect as a statutory bond, and would be enforced in a different manner, and in this connection it may be said that, if this is a valid common-law obligation, the lower court properly overruled the motion to quash it, and an appeal from that order would have been of no avail to appellant; however, it does not follow from this that an action to enjoin the enforcement of an execution issued under it would not lie.

The insistence of appellee's counsel that a chancery branch of the Jefferson circuit court is without jurisdiction to interfere with or enjoin a judgment rendered in a common pleas division of that court is based on section 285 of the Civil Code of Practice, which in part reads:

"An injunction to stay proceedings on a judgment shall not be granted, in an action brought by the parties seeking the injunction, in any other court than that in which the judgment was rendered."

Without giving consideration to the question whether this Code provision would apply as between different branches of the same circuit court, we deem it sufficient to say that it has been consistently held by this court that it applies alone to voidable judgments, and that void judgments may be collaterally attacked in any court of general jurisdiction. Kentucky River Hardwood Co. v. Noble, 168 Ky. 773, 182 S. W. 941; Stevens v. Deering, 9 S. W. 292, 10 Ky. Law Rep. 393; Hays v. Baker, 237 Ky. 265, 35 S. W. (2d) 296; Gullett v. Blanton, 157 Ky. 457, 163 S. W. 465; E. H. Taylor & Sons v. Thornton, 178 Ky. 463, 199 S. W. 40.

Since the bond under which the execution issued is void and of no effect as a statutory bond, it follows that the execution is likewise invalid and appellant is pursuing a proper remedy to prevent its enforcement.

Wherefore the judgment is reversed, with directions to overrule the demurrer to the petition.