**Glenn ENGLE, Appellant,**

v.

**Bill CAUDILL, Jailer of Perry County, Appellee.**

Court of Appeals of Kentucky.

March 16, 1956.

S. M. Ward, Vernon Faulkner, Hazard, for appellant.

D. G. Boleyn, Hazard, for appellee.

STANLEY, Commissioner.

The circuit court denied the petition of the appellant, Glenn Engle, to be released from the Perry County jail on a writ of habeas corpus. The case presents the question of whether a judgment of conviction of a felony under a statute subsequently declared to be unconstitutional is void.

The appellant was indicted in February, 1952, upon the charge "of the crime of deserting and abandoning his children without complying with the orders of the Perry Circuit Court as set forth in the judgment granting a divorce relative to the custody and support of said children." His four children were stated to be under the age of sixteen years. Engle was convicted on December 3, 1952, and adjudged to serve three years in the reformatory. Sentence was duly pronounced on December 21, 1952. It is proved that the judgment had not been modified or set aside. There is no explanation or statement of intervening events. The record is that Engle was put in jail under that judgment on January 17, 1956, and promptly instituted this proceeding.

The statute penalizing child desertion was amended in 1950 by adding a subsection to KRS 435.240 which made it a crime for a parent not to comply with orders of a court relative to the maintenance or support of his child as set forth in a judgment granting a divorce. The act was declared unconstitutional in November, 1953. See Commonwealth v. O'Harrah, Ky., 262 S.W.2d 385.

 It is the general rule supported by the weight of authority that a judgment in a civil action on the merits based on an unconstitutional statute entered where the court had jurisdiction of the cause of the action and of the parties is not void and not subject to collateral attack. 49 C.J.S., Judgments, § 405; 31 Am.Jur., Judgments, Sec. 585. However, in International Harvester Co. of America v. Commonwealth, 170 Ky. 41, 185 S.W. 102, L.R.A.1918D, 1004, 1005, this court held that all such judgments are void ab initio. But upon reconsideration of the question in Commonwealth ex rel. Dummitt v. Jefferson County, 300 Ky. 514, 189 S.W.2d 604, 167 A.L.R. 512, the court came to the conclusion that the scope of the decision in the International Harvester case was too broad and fell in line with the majority of the courts in respect to civil cases. We noted that there is a recognized right to attack collaterally a judgment of conviction of a crime. As stated in a note appended to our Jefferson County case, supra, 167 A.L.R., p. 519, "The majority rule is that where a statute or ordinance making certain acts or omissions a crime is unconstitutional or invalid, a final judgment predicated upon the validity of such legislation is void, generally upon the theory that the court had no jurisdiction to enter the judgment that it did."

In Harrod v. Whaley, Ky., 239 S.W.2d 480, a convict sought release in a habeas corpus proceeding from a judgment which, he maintained, was rendered under an unconstitutional statute. We recognized that a judgment of conviction of crime based upon an unconstitutional statute is void and held that a habeas corpus proceeding testing such conviction could be maintained, but, in that case, found the law to be valid. See 39 C.J.S., Habeas Corpus, § 18; Note, 167 A.L.R. 522.

We conclude, therefore, that the petitioner was and is entitled to be relieved of the void judgment and released from custody under it.

The judgment is reversed.