JUDGE ELLIOTT
delivered the opinión oe the court.
This action was brought in the common pleas court for Marion County by appellant against appellee. By the appellant’s complaint the appellee was accused of having assaulted him, etc.
On the fourth day of the October term, 1877, a verdict and judgment were rendered in appellant’s favor and against appellee for $150, and, whén the orders of the court were read on the morning of the fifth day of the term, it was discovered that the court had failed to note at the foot of the judgment that a capias ad satisfaciendum might issue on the judgment, and thereupon appellant, by motion, asked that such fact be noted at the foot of his judgment, and the court having overruled his motion he complains thereof by this appeal.
By section 1, article 3, chapter 38 of the General Statutes it is provided that “A capias ad satisfaciendum may issue, except against females, upon all judgments for a trespass, vi et a/rmis, upon the person or property, for seduction, or for slander, written or verbal, or for malicious prosecution. The court shall note, at the foot of the judgment, that a capias ad satisfaciendum may issue thereon.”
It seems from the language of this statute that the appellant had a legal right to the issual of a capias on the judgment in this action, and that it was the duty of the court to note such fact at the foot of his judgment.
If the appellant was entitled to this writ, we do not think that he lost his right by the failure of the court to discharge the duty required by the statute, or by any negligence on his part.
The appellant had a right to believe that, when the court came to render judgment on the jury’s verdict, it would make the note at its foot required by the statute, and he could not learn that such had not been done till the orders were read for the court’s inspection and signature next morning.
*414 Appellant therefore seems to have made his motion so soon as he had notice that the omission of the court had rendered it necessary.
Appellant derived his right to this writ from the statute, and can not be deprived of it by the mere failure of the court to make the proper indorsement at the foot of his judgment.
If he can be deprived of the capias on such a judgment as this it must be by his own neglect and laches, and not that of the officers of the law.
So soon as aware of the omission appellant asked that the proper indorsement be made. This motion should have prevailed.
Wherefore the judgment is reversed, and cause remanded for further proceedings consistent herewith.