CASE 47—PETITION EQUITY—OCTOBER 9.

## Stahl v. Brown, &c.

APPEAL FROM BUTLER CIRCUIT COURT.

84 325
116 808
84 325
116 808
84 325
118 715
84 325
123 850

1. AN ORDER OF A COUNTY COURT ESTABLISHING A FERRY is a judicial
act, subject to revision, and no power exists in any circuit court to
enjoin and restrain, *by an independent action*, the exercise of a ferry
privilege thus granted; if the order is erroneous, the remedy is by
*appeal* to the circuit court.

2. TO AUTHORIZE A COUNTY COURT TO HEAR AND DETERMINE AN APPLI-
CATION TO ESTABLISH A FERRY, it is not necessary that summons
should be served on any party; it is sufficient for notice of the in-
tended application to be posted at the court-house door on the first
day of the next preceding term.

HARGIS & EASTIN FOR APPELLANT.

1. The statute fixes the conditions upon which a new ferry may be estab-
lished in close proximity to a pre-existing ferry, and as those condi-
tions did not exist in this case, the order establishing the ferry of
appellees was unauthorized. (Gen. Stats., chap. 42, sec. 20.)

2. The appellant was not confined to the remedy by appeal from the
order of the county court, as the appeal is required to be prosecuted
during the term at which the order is made, which often lasts but a
single day. (Gen. Stats., chap. 42, sec. 2.)

3. The decision of the Ohio County Court upon a petition filed by appel-
lant, seeking to set aside the order of which he now complains, is
not a bar to this action, as it was not a decision upon the merits,
and the court had no jurisdiction of the proceeding. (Smith's Lead-
ing Cases, p. 673; Freeman on Judgments, sec. 263; *Ibid.*, sec. 267;
Birch v. Funk, &c., 2 Met., 547.)

JOHN L. SCOTT on same side.

1. The Ohio County Court had no jurisdiction to establish appellees' ferry within a mile of an old established ferry, there being no city or town in Ohio county at the place where the new ferry was established. (General Statutes, page 484.)

2. The notice of appellees' application for a ferry was too indefinite. Where a written notice is made by law to take the place of a caveat or petition, it must have all the certainty of such caveat or petition.

3. It does not appear that appellees executed the bond required by the order of the Ohio County Court to be executed, and, therefore, they have no right to run a ferry.

4. The order establishing appellees' ferry is void, because it was neither read nor signed.

5. Appellant's application to the county court to set aside the order now complained of is not a bar to this action, as that court had no jurisdiction of such a proceeding. Void orders and proceedings do not bind or estop any person, whether parties, privies or strangers. Estoppels are not favored. (Scott v. Wilson, MS. Op., Oct. 30, 1884; Hanson v. Buckner, 4 Dana, 255; DeWolf v. Mallett, 3 Dana, 216; Estill's Heirs v. Clay, 2 Marsh., 497.)

B. L. D. GUFFEY on same side.

1. The Ohio County Court had no power to establish appellees' ferry, the Butler County Court, a co-ordinate tribunal, having taken jurisdiction of the ferry question at that place, and held and exercised it for near fifty years, and its jurisdiction for a mile each way was exclusive.

2. The order establishing appellees' ferry is void for the further reason that there was no fact existing which authorized a ferry to be established within a mile of appellant's ferry.

3. The order of the county court was never read or signed as required by the statute. (Gen. Stats., p. 307, sec. 7.)

4. Appellant had no notice that appellees would apply for a ferry privilege, and he is, therefore, not bound by the order establishing their ferry. (Lexington, Harrodsburg, &c., Turnpike Co. v. McMurtry, 3 B. M., 517; Givens v. Pollard, 3 Mar., 321, 322; Kennedy v. Covington, 8 Dana, 54 and 64; Henry v. Underwood, 1 Dana, 57.)

5. Even if the notice required to be posted at the court-house door would have been a sufficient notice to appellant, the notice of appellees' application was not such as the statute requires. A notice must contain all the averments required in a petition.

6. No bond was executed by appellees, and for that reason the county court had no right to grant them a ferry privilege.

7. An appeal from the order of the county court was not appellant's only remedy. (Newport, &c., v. Taylor, &c., 16 B. M., 779 and 784.)

8. The application of appellant to the county court to set aside its order is not a bar to this action.

Stahl v. Brown, &c.

E. DUDLEY WALKER and WM. WAND for appellees.

1. The Ohio County Court had jurisdiction, and its judgment establishing appellees' ferry can not be collaterally attacked. Appellant's remedy was by appeal to the Ohio Circuit Court. (Gen. Stats., p. 479; Garner v. Strode, 5 Litt., 315; Dunlap v. McIlvoy, 3 Litt., 278; Shelby Co. Ct. v. C & O. R. R. Co., 8 Bush, 212; Watson v. Morrison, 4 Bibb, 336; McIlvoy v. Speed, 4 Bibb, 85; Wallace v. Usher, *Ib.*, 508; Shackleford v. Miller, 9 Dana, 274; Bennington v. Reed, 8 B. M., 103; Saunders v. Gatewood, 5 J. J. Mar., 328; Green v. Ball, 4 Bush, 590; Harpending v. Wylie, 13 Bush, 158; Dupey v. Johnson, 1 Bibb, 565; Clark v. Rodes, 12 Bush, 16; Dawson v. Litsey, 10 Bush, 412; Spalding v. Wathen, 7 Bush, 664; 18 B. M., 847; 5 Dana, 193; 1 J. J. Mar., 272, 275; 2 Dana, 328; 4 Dana, 336.)

2. No notice to appellant was necessary. The notice posted at the court-house door was all that was required. (7 B. M., 312.)

JUDGE LEWIS delivered the opinion of the court.

Appellant instituted this action in the Butler Circuit Court to enjoin appellees from operating a ferry across Green river from a point on their land in Ohio county to a point on land relinquished to them for the purpose by the owners in the town of Rochester, Butler county, which was, on their application, established, and the privilege thereof granted to them by an order of the Ohio County Court made September 3, 1883, during a regular term.

It is stated in the petition, and may be assumed as true, that many years previous to that date a ferry was duly established by an order of the Butler County Court across the same river, in the same counties, and only about 500 yards from the ferry of appellees, and that appellant and those under whom he claims have, in virtue of that order, operated, and yet continue to operate, and to have the ferry privilege so granted.

Upon final hearing, the Butler Circuit Court sustained a demurrer to the petition and amended petition, and rendered judgment dismissing the action.

The decisive and only question we deem it at all necessary to consider on this appeal is whether the Butler Circuit Court has jurisdiction to set aside the order of the Ohio County Court establishing the ferry of appellees, which would be the practical effect of perpetually enjoining the exercise by them of the ferry privilege granted by that order.

By section 1, chapter 42, General Statutes, it is provided that "the several county courts shall have jurisdiction to establish ferries and grant ferry privileges upon any river or stream in or adjoining their respective counties, and for regulating, revoking and controlling the same."

The statute does not require the issue and service of summons on any party, but under section 5 of that chapter it is sufficient to authorize a county court to hear and determine an application to establish a ferry for notice of the intended application to be posted at the court-house door of the county, on the first day of the next preceding term.

Section 2 is as follows: "An appeal from any order concerning a ferry, or ferry rates, in favor of any one interested, shall lie to the circuit court of the county, and thence to the Court of Appeals, both of which shall have jurisdiction of law and fact; but the Court of Appeals of only such facts as may be certified from the circuit, the appeal to be taken at the time of the making of the order, or during the term, and prosecuted to the circuit court within three years from the making of the order, and to the Court of Appeals within one year from the making of the order of the circuit court."

As Green river adjoins the county of Ohio, and

Stahl v. Brown, &c.

divides it from Butler at the places where the two ferries have been established, it is clear that the Ohio County Court had jurisdiction to hear the application of appellees, and to establish the ferry, the use and operation of which appellant seeks in this action to enjoin. And as it appears the notice of their application was duly posted by appellees in the time and manner required by the statute, the order of the Ohio County Court must be considered as in full force until reversed and set aside by appeal therefrom as provided in section 2 just quoted. For it is not so provided by the statute, nor do we think it was intended, for an order of a county court establishing a ferry to be set aside except on an appeal. Moreover, being a judicial act, it can not, according to the Civil Code, be vacated, nor the exercise of the privilege conferred by it be prevented or restrained by an order of injunction issued by another court in an independent and distinct action or proceeding.

In our opinion, the Butler Circuit Court had no jurisdiction to set aside the order of the Ohio County Court, nor in any way to restrain or prevent the operation of the ferry established thereby, and this action was properly dismissed.

With the policy of the law this court has nothing to do, nor is it necessary to decide whether the order of the Ohio County Court was or not erroneous, for that question could be properly considered only on an appeal therefrom.

Judgment affirmed.