CASE 110—MOTION BY COMMONWEALTH FOR THE USE OF CERTAIN TAX PAYERS FOR A CAPIAS AD SATISFACIENDUM AGAINST S. A. RATCLIFF.—FEB. 15.

# Commonwealth for use of Certain Taxpayers v. Ratcliff.

APPEAL FROM NICHOLAS CIRCUIT COURT—L. P. FRYER, CIRCUIT JUDGE.

MOTION DENIED.    PLAINTIFF APPEALS.    AFFIRMED.

JUDGMENTS—TRESPASS VI ET ARMIS—CAPIAS AD SATISFACIENDUM—TAXES—ILLEGAL COLLECTION—CLERICAL MISPRISION—ERRORS—CORRECTION—REMEDY.

1. Failure of the court to add an order awarding a *capias ad satisfaciendum* to a judgment against the sheriff of a county for collecting taxes in excess of the constitutional limit was not a mere clerical misprision which could be corrected on motion

after the term at which the judgment was rendered, but was an error of law reviewable by appeal.

2. The act of the sheriff of a county in collecting taxes in excess of the constitutional limit was, not a trespass by force and violence within Kentucky Statutes, 1903, section 1661, authorizing the issuance of a capias on all judgments for a trespass *vi et armis*.

WINFIELD BUCKLER, ATTORNEY FOR APPELLANT.

At the May term, 1902, of the Nicholas circuit court the appellants obtained a judgment against appellee Ratcliff for $3,242.79 and costs, which was, in accordance with the mandate of the court of appeals, modified by crediting the same with $122.14.

At the February term, 1904, of the circuit court plaintiffs moved the court to note at the foot of the judgment that a capias ad satisfaciendum issue on said judgment which the court failed to do and plaintiffs have appealed.

We claim that by the express provisions of the statute, section 1661, said writ may issue, except against females, upon all judgments for trespass *vi et armis*, and this is not only true under the statute, but is true under the common law. 14 Bush, 412; Freeman on Executions, vol. 2 (2d ed.), 451, 454; A. & E. Ency., vol. 25 (1st ed.), 477, 617; Tyson v. Ewing, 3 J. J. M., 186; Ency. of Law (2d ed.), 28 vol., page 554; 8 Bush, 165.

MORGAN & HUGHES AND HOLMES & ROSS, ATTORNEYS FOR APPELLEE.

1. It is submitted by appellee that the judgment against appellee for taxes improperly collected are not for a trespass *vi et armis*, and therefore, section 1661, Kentucky Statutes, does not apply and appellants are not entitled to a *capias ad satisfaciendum* thereon.

2. If the judgments were for a trespass *vi et armis* appellants have lost their right to a *capias ad satisfaciendum* by their own neglect and laches, having waited four years after the first judgment was rendered and two years after the last one was rendered before entering their motion for said writ. Blair v. Russell, 14 Bush, 412; Civil Code, sec. 518.

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

At the May, 1902, term of the Nicholas circuit court, the citizens and tax-payers of that county, who sued in the name

of the Commonwealth, recovered a judgment against the appellee, the then sheriff of that county, for about $3,000, with interest and costs.. This recovery was on account 'of' the sheriff having collected taxes for county purposes to that extent above the constitutional limit; that is to say, that much more than the Constitution permitted to be collected for any one year. The fiscal court of that county made the assessment and directed the sheriff to collect, but, to the extent of the amount of recovery stated, the assessment was void. It would seem that that judgment had never been paid by the appellee. This proceeding is upon a notice by appellant, and a motion made by it in court at the February, 1904, term, asking the court to append to the judgment of 1902 an order awarding a *capias ad satisfaciendum* under section 1661, Kentucky Statutes, 1903. The court refused the motion of appellant and dismissed this proceeding, and the appellant has appealed.

The appellant is proceeding upon the idea that the failure to append this to the judgment at the time it was rendered was a clerical misprision. This is a mistake. Even conceding that this writ should have been awarded or noted at the foot of the judgment of 1902, the failure to do so was an error of law and not clerical in its character, and appellant's remedy was by an appeal from this judgment. The failure of a court to render a judgment in conformity with the law is not a clerical misprision. See Rogers v. Bradford, 8 Bush, 164.

By the section of the statutes referred to it is provided that a *capias ad satisfaciendum* may issue, except against females, upon all judgments for a trespass *vi et armis* for seduction, or for slander, written or verbal, or for malicious prosecution. The appellant contends that the action of the sheriff in the collection of the taxes referred to was a tres-

pass *vi et armis*. We are of the opinion that this is error. Such a trespass is an unlawful act committed with force and violence on the person, property, or the relative rights of another—injuries accompanied by force. The action of the sheriff in collecting these taxes was not a trespass by force and violence in the meaning and sense as used in the statutes. To commit a trespass *vi et armis* the trespass must have been committed with at least a knowledge that a wrong was being done, and it must be accompanied with some force and violence. These elements of wrong do not appear in this record.

Wherefore the judgment of the lower court is affirmed.