# Rex Red Ash Coal Company, et al. v. Powers, By Next Friend, etc.

(Decided February 4, 1927.)

## Appeal from Harlan Circuit Court.

1. Appeal and Error—Exceptions to Depositions, which were Never Acted on, were Waived.—Where exceptions were filed to depositions upon ground that they were taken during term of court when counsel for defendants were so engaged that they could not attend, but exceptions were never acted upon, they were considered as waived on appeal.

2. Judgment—Judgments Against Unserved Defendants were Void.—Judgments, in action for discovery, against unserved defendants were void.

3. Appeal and Error—Before Erroneous Judgment can be Reviewed on Appeal, Motion Should be Made in Trial Court to Set it Aside (Civil Code of Practice, Section 763).—Before erroneous judgment can be reviewed on appeal, motion should be made in trial court to set it aside, as is required by Civil Code of Practice, section 763.

4. Pleading—Failure to Verify Pleading is Not Ground for Demurrer.—Failure of defendants to verify pleading, as required by order of court, is not ground for demurrer.

5. Pleading—Where Time had Been Given for Verification of Pleadings, it was Error for Court to Make Order Based upon Failure to Verify Until Expiration of that Time.—Where motion for verification of pleadings had been sustained and time given defendants, they had until expiration of that time to comply with order, and it was error for court to make order based upon failure to verify until expiration of time given.

6. Discovery—Failure of Defendant Stockholders, in Action for Discovery Against Stockholders and Corporation, to Allege Amount of Corporate Property They Held, was Not Ground for Demurrer, where Their Answer Alleged that They had no Property (Civil Code of Practice, sections 439, 440).—Failure of defendant stockholders to allege in answer, in action for discovery against corporation and stockholders, amount of property that each individual defendant obtained from assets of corporation against whom judgment sought to be collected was rendered, was not ground for demurrer, where answer alleged that they had no such assets in their possession, in view of Civil Code of Practice, sections 439, 440.

7. Judgment—Petition for Discovery Against Corporation and Stockholders did Not Authorize Personal Judgment Against Stockholders, in Absence of Allegation that Corporation Assets were Distributed Among Stockholders.—Petition, in action for discovery, against corporation, which had sold out after judgment was rendered, and its stockholders, did not authorize personal judgment against stockholders, in absence of allegation that assets of corporation were distributed among its stockholders, in which event

liability of stockholders could not exceed amount of assets received.

LEE & SNYDER for appellants.

POPE & HUFF for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On October 7, 1925, appellee and Plaintiff below, Lucinda Powers, an infant, by her father as next friend, recovered a judgment in the Harlan circuit court against the Rex Coal Company, a corporation, for the sum of $1,000.00 and $97.00 costs. The execution issued thereon was returned by the sheriff of the county "No property found." Thereupon the plaintiff in the judgment by her same next friend filed this action in the same court against defendant in the judgment, the appellant, Rex Red Ash Coal Company and its stockholders, the defendants and appellants, C. V. Bennett, H. H. Bennett, P. E. Bennett, Marguerite Bennett and Tom Bennett, in which she sought the relief provided by section 439 of the Civil Code of Practice, and which as ordinarily understood was and is an equitable action "for discovery." The petition, after averring the above facts, alleged that after plaintiff's action, in which she recovered the judgment, was filed against the Rex Coal Company, its managers and stockholders sold all its property to one Ellison as trustee, for a recited consideration of $100,000.00, one-half of which was paid in cash; that the trustee operated the mine for two years or more, during or directly after which time the judgment was recovered, but subsequently the defendant was reorganized by the same stockholders reincorporating under the name of the Rex Red Ash Coal Company, and that it purchased from the trustee the same property for much less than he paid for it, all of which, as alleged, was done by the stockholders, and the defendant in the judgment, for the fraudulent purpose of preventing plaintiff from collecting it; that the individual stockholders of both the original and subsequent corporations obtained the proceeds of the sale to the trustee, and that they were merged into the newly organized corporation, and the prayer was that each of the defendants, including the two corporations, be required to answer and disclose "any money, property, or other assets, choses in action, tangible or intangible, legal or equitable, or any other property or interest owned by them or any of them

or in which they owned stock or any interest in the Rex Coal Company at the time the suit for personal injuries was filed by plaintiff against the said Rex Coal Company, and to disclose what disposition was made of said corporation, its stock, assets, money for which it was sold and to fully make known to this court what disposition was made of said physical properties and just who has possession of the tangible assets of said Rex Coal Company at this time, and to further discover and disclose to this court what sum of money was realized for the same and to whom sold and who now has or then took possession of the proceeds arising from the sale of said stock, plant and mine and mining equipment;'' and she further prayed that ''so much of such property as might be discovered be subjected to the payment of her judgment and costs.''

There was no prayer for a personal judgment against any of the defendants, nor, indeed, could any be rendered in the cause unless, perhaps, it was found on final trial that the developed facts authorized it against the particular defendant. The demurrer filed to the petition was overruled, and the answer denied all of the equitable grounds alleged in the petition as a basis for the relief sought, but it was verified by only one of the defendants, H. H. Bennett. Plaintiff moved that each answering defendant (two of whom, P. E. Bennett and T. Bennett, were not before the court) be required to verify the answer as provided by section 440 of the Civil Code of Practice, which motion was sustained and time given until a future date for them to do so. Before the expiration of the given time, plaintiff's previously filed demurrer to the answer was sustained, but in the meantime and during the same term of the court the plaintiff served notice and took the depositions of the next friend and that of the county court clerk of the county. Exceptions were filed to those depositions upon the ground that they were taken during the term of court when counsel for defendants were so engaged that they could not attend. Those exceptions were never acted on, and under the well established rule in this court may be considered as waived. Notwithstanding the court had sustained the demurrer filed to the answer he submitted the case on the petition and the depositions taken and rendered a personal judgment against each of the defendants, including the two not summoned, for the amount of the judgment

and costs in the original action, and the costs in this one, and to reverse it this appeal is prosecuted.

Clearly, the judgments against the two unserved defendants were more than erroneous. They were totally void. But before we can review them on appeal a motion should have been made in the trial court to set them aside, as is required by section 763 of the Civil Code of Practice, and which we have uniformly held. It was furthermore held, however, in the case of Brown v. Van Cleave, 14 K. L. R. 821, that the failure of the appellee to move for a dismissal of such appeal in this court would be a waiver of the code requirement; but that opinion does not seem to have been followed in later cases, nor in any manner referred to, and we will express no conclusion thereon in this opinion.

Two grounds are urged in support of the court's ruling in sustaining the demurrer to the answer, which are, (1), the failure of each defendant to verify it as required by the order of the court, and (2), the failure to allege therein the amount of property that each individual defendant obtained from the assets of the Rex Coal Company against whom the judgment sought to be collected was rendered. Clearly the first ground is absolutely untenable. In the case of Maynard v. Maynard, 178 Ky. 332, we held that the proper procedure to compel verification of claims against a decedent's estate as required by statute, was to procure a rule against the claimant to show cause why his claim should not be dismissed for want of verification, and if he failed within a reasonable time to verify it, then it should be dismissed. In a number of cases cited in note 3 to section 116 of the Civil Code we held that objections to a pleading for want of verification should be made and the question raised in the same way, and if the derelict pleader did not comply with the rule, if issued, within a reasonable time given for the purpose, his pleading would be stricken from the record. It, therefore, appears that the same procedure is applicable in each of the two instances, and it would necessarily follow that a demurrer, even if it did not waive the failure to verify, is not a proper method to raise the question. Besides, the motion for verification in this case had been sustained and time given, in which case it requires no argument to show that defendants had until the expiration of that time in which to comply with the order of the court, and it was error for the court to make

any order based upon such failure until the expiration of that time, even if the action taken was authorized, but which we have seen was untrue.

Supposed ground (2) in support of the sustaining of the demurrer is likewise without merit. It is attempted to be upheld by counsel for plaintiff because the pleading did not disclose any assets of the defendant in the judgment in the hands of any of the answering defendants, which in turn is bottomed upon the assumption that they had such assets in their possession, when they had positively stated in the answer that they did not. Certainly they were not required to disclose a fact that did not exist. The averments in the answer denying all the facts essential to liability made an issue upon which it was necessary to take proof, and if it should be developed that defendants, or any of them, held assets of the defendant in the judgment, which under the law would be subject to payment of the original judgment, proper orders could be made looking to its payment; but certainly the court had no authority under the provisions of section 440, *supra,* by process of contempt or otherwise, to require the discovery of something which defendants had already alleged did not exist. Moreover, plaintiff had the right to attach to her petition interrogatories propounded to defendants and to require each of them to explicitly answer them. In any event, the court was clearly in error in sustaining the demurrer to the answer as drawn upon either of the grounds discussed, and, since none other is or could be urged, we conclude that the demurrer should have been overruled.

But, waiving that question and conceding for the purposes of the case that the demurrer was properly sustained, then the petition did not authorize a personal judgment against either defendant for any sum whatever, nor did the two depositions taken in the case strengthen the right of the court to render any such personal judgment, or, for that matter, any judgment at all. It is true, the petition alleged, in substance and effect, that the defendant in the original judgment sold all its assets, but whether they finally went to pay debts of that corporation or were distributed among its stockholders is not alleged. If, however, it had been so alleged, there is an entire failure to point out any particular sum or amount of those assets that any specified defendant received, and in no event would he be liable beyond such

an amount. Other errors could be pointed out, but what we have said is sufficient to amply demonstrate that in no view of the case can the judgment appealed from be sustained. Plaintiff may yet propound interrogatories to defendants and may take their depositions, or pursue any other permissible course to purge the conscience of each defendant, and thereby develop the facts; but until some such course has been pursued, followed by the discovery that defendants have assets in their possession which under the law should be appropriated to the satisfaction of the judgment, the court is without authority to render a judgment of any character against either of the defendants, much less a personal judgment for a fixed sum.

Wherefore, the judgment is reversed, with directions to set it aside and for proceedings consistent with this opinion.