## Miller v. Howe.

(Decided October 28, 1932.)

MARION F. WISEHEART and HERMAN G. HANDMAKER for appellant.

LEO SANDMANN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming on Appeal and Reversing on Cross-appeal.

Joseph L. Miller by this appeal seeks to reverse a judgment of $2,000 for slander recovered against him on June 15, 1931. An execution on this judgment, which was issued on the 9th of September, 1931, was returned upon October 13, 1931, "no property found." On December 10, 1931, he filed this appeal.

The defendant's hopes for reversal are based on qualified privilege. The facts will sufficiently appear in our discussion of this claim. We have set out what is necessary to sustain such a claim in three different opinions: Sharp v. Bowlar, 103 Ky. 282, 45 S. W. 90, 19 Ky. Law Rep. 2018; Felty v. Felty, 164 Ky. 355, 175 S. W. 643; Baskett v. Crossfield, 190 Ky. 751, 228 S. W. 673.

We shall now state those requirements, and show that the defendant's claim does not measure up to them:

"1st. That the communication was made by the defendant in good faith, without malice, not voluntarily, but in answer to an inquiry, and in the reasonable protection of his own interest or performance of a duty to society.

"2nd. That the defendant must honestly believe the communication to be true.

"3d. There must have been reasonable or probable grounds known to him for the suspicion.

"4th. That the communication, if made in answer to an inquiry, must not go further than to truly state the facts upon which the suspicion was grounded, and to satisfy the inquirer that there were reasons for the suspicion."

Those requirements were correct in the cases cited, but cases may arise in which the first requirement perhaps goes too far, for we can imagine cases where a parent would be privileged voluntarily to talk to his son or daughter advising him or her against further association with certain persons, and giving such child the reasons for his advice. So while indorsing generally what was said in the quoted opinions, we do so with reservation.

Miller had written a letter to Miss Marie Howe advising her that he had in his hands for collection a claim against her in favor of the estate of Dr. Chas. D. Moir. Miss Marie Howe is a working girl 17 years of age and this letter came while she was at work, and her mother opened it, and, not knowing any reason for her daughter to owe Dr. Moir, the mother went to see Miller about it, and, when she asked him what this was for, he told her it was for performing an abortion. Miller now contends that what he said was privileged, but that is not true, because it was not said in protection of his

570

own interest, for he had none to protect, nor was it said in the performance of any duty he owed to society.

The defendant himself knew nothing about this bill except what had been told him, so he said, therefore he had no foundation for an honest belief. When Mrs. Howe asked him what this bill was for, instead of saying what he did, he should have simply told her what he knew, that is, that this was a claim for professional services which he had been told Dr. Moir had rendered Miss Howe, and should have gone no further. Thus the contentions of the defendant avail him nothing. In justice to Miss Howe we wish to state that she submitted to an examination by two different physicians, each of whom found her condition to be such as to demonstrate the utter falsity of this charge. The widow of Dr. Moir was unable to identify the plaintiff, and the defendant makes no contention now that the charge he made against Miss Howe is true. We find no error in the record of which the defendant can complain.

When this judgment was rendered, Miss Howe, relying on section 1661, Ky. Stats., moved the court to award her a capias ad satisfaciendum which the court did not grant her, and upon her cross-appeal she is asking for this relief. She is entitled to it, and, if she files with the trial court a copy of the mandate of this court, the court will treat that as a renewal of her motion, will grant the writ, and let this man be imprisoned.

The judgment affirmed on the original, and reversed on the cross-appeal.