# Viall et al. v. Walker, Sheriff.

(Decided March 17, 1933.)

J. G. BRUCE and CLEON K. CALVERT for appellants.

J. B. SNYDER and H. H. FUSON for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming in part and Reversing in part.

On September 19, 1930, Jincie Fuson, administratrix of the estate of Grant Fuson, deceased, recovered a judgment in the Harlan circuit court against Rapp Lumber Company, a Delaware corporation, for the sum of $358.25 and her costs amounting to $15. An execution was issued and was returned by the sheriff of Harlan county, "No property found." Thereupon an execution was issued directed to the sheriff of Knox county, who returned it, "No property found."

On May 1, 1931, the judgment creditor filed an equity action in the Harlan circuit court in which the following corporations and individuals were made defendants: Rapp Lumber Company, The Rapp Lumber Company, Kenwood Lumber Company, Richard Hamilton, Incorporated, C. H. Holden, Ralph Jones, O. H. Viall, H. C. Viall, and Robert Viall. After setting out facts showing the procurement of the judgment against Rapp Lumber Company and the return of the executions, "No property found," it was alleged, in substance, in the petition that subsequent to 1923 Rapp Lumber Company carried on a general logging or lumber business in various counties of the state with mills and yards in Barbourville, Knox county, and that it owned a certain tract of land in Knox county near Barbourville, and that on September 29, 1930, in consideration of $1, it conveyed this land to Richard Hamilton, incorporated, and on June 20, 1929, after the debt to Grant Fuson had been created, the defendant, Rapp Lumber Company, disbursed its assets to its stockholders and to two corporations then created, to wit, The Rapp Lumber Company and the Kenwood Lumber Company, both of which are Kentucky corporations. It was alleged that the stockholders of Rapp Lumber Company at the time it disposed of, or distributed, its assets, were C. H. Holden, Ralph Jones, O. H. Viall, H. C. Viall, Robert Viall, and Henry T. Hamilton, and that the stockholders of Rapp Lumber Company became the stockholders of the newly organized corporations, The Rapp Lumber Company and the Kenwood Lumber Company. The Rapp Lumber Company was organized with a capital stock of $40,000 and the Kenwood Lumber Company with a capital stock of $80,000. The only assets owned by either company were the assets received from Rapp Lumber Company. It was alleged that each of the defendants received assets of Rapp

Lumber Company greater in amount than the amount of the judgment sued upon.

Judgment was asked against the defendants for the full sum of $373.24, and the plaintiff prayed that the defendants be required to disclose all transactions of every character between Rapp Lumber Company and its stockholders and the Kenwood Lumber Company and The Rapp Lumber Company. A cancellation of the deed from Rapp Lumber Company to Richard Hamilton, Inc., also was asked.

None of the parties resided in Harlan county and summons was sent to Knox county. The following returns were made by the sheriff of Knox county:

"C. H. Holden, Ralph Jones, Richard Hamilton being absent from Knox county this summons was executed upon each of them by delivering a true copy of this summons for each above named to H. C. Viall, the agent representative of each of said parties in Knox county. By direction of attorney for plaintiff, this third day of July, 1931, Mrs. B. P. Walker, S. K. C."

"Executed the within summons by delivering a true copy or copies to H. C. Viall, agent for Rapp Lumber Company, O. H. Viall not found. Served copies on H. C. Viall, agent for Kenwood Lumber Company. This June 30, 1931, Mrs. B. P. Walker, S. K. C."

"Executed within summons on Robert Viall by delivering to each of them a copy of within summons. This 13th day of July, 1931, Mrs. B. P. Walker, S. K. C."

"Executed this first day of July, 1931, by delivering a true copy of the within summons to J. H. Jeffries, statutory agent for Rapp Lumber Company, Henry Broughton, S. B. C. by Mary B. Lewis, D. S."

None of the defendants appeared in the Harlan circuit court, and on August 20, 1931, a default judgment was entered against the defendants, Rapp Lumber Company, Kenwood Lumber Company, C. H. Holden, Ralph Jones, O. H. Viall, H. C. Viall, Robert Viall, and Richard Hamilton, Inc. Execution was issued upon that judgment directed to the sheriff of Knox county.

To enjoin the levy of the execution, the present suit was instituted in the Knox circuit court on November 27, 1931, by O. H. Viall, H. C. Viall, Robert Viall, C. F. Holden, Ralph Jones, Kenwood Lumber Company, The Rapp Lumber Company, and Richard Hamilton, Inc., against Mrs. B. P. Walker, the sheriff of Knox county, and a temporary restraining order was issued. The court sustained a special demurrer on the ground that it was without jurisdiction to entertain the action, and a judgment was entered dissolving the temporary restraining order and dismissing the petition.

It is contended on this appeal that the judgment is void as to all the defendants, who are the appellants here, on the ground that the judgment rendered in the Harlan circuit court upon which the execution issued to Knox county is a personal judgment, and no defendant in that action was served with process in Harlan county, and that in any event the judgment of the Harlan circuit court is void as to the defendants, The Rapp Lumber Company, C. H. Holden, Ralph Jones, O. H. Viall, H. C. Viall, and Richard Hamilton, Inc., as there was no valid service of process upon any of them.

In appellants' brief the questions presented are stated as follows: (1) "Did the Harlan circuit court have jurisdiction to render a personal judgment against the defendants in the case of Jincie Fuson, Administratrix, v. Rapp Lumber Company, et al.?" (2) "Did the Harlan circuit court have jurisdiction in that case to render any judgment whatever against the defendants, The Rapp Lumber Company, C. H. Holden, Ralph Jones, O. H. Viall, H. C. Viall, and Richard Hamilton?" (3) "May the enforcement of that judgment be enjoined in the Knox circuit court?"

It may be stated as a general rule that a personal judgment against defendants upon the service of a summons out of the county in which the action is instituted, where none of them was served in that county, is void, but actions brought under section 439 of the Civil Code of Practice form exceptions to this rule. The action in the Harlan circuit court in which the judgment here in question was rendered was an action for discovery under this section of the Code, and section 70 of the Code provides that an action upon a return of "No property found," pursuant to section 439, must be brought in the county in which the judgment is ren-

dered, or in which the defendant resides, or is summoned. In Parks v. O. K. Jellico Coal Company, 136 Ky. 622, 124 S. W. 868, it was held that under section 70 the plaintiff has the right to bring his action in any one of three places—the county where the judgment is rendered, the county where the defendant resides, or the county where he may be summoned. In that case two defendants were sued in Laurel county where the judgment had been rendered, and both resided in Jefferson county and were summoned in Jefferson county. It was held that the Laurel circuit court had jurisdiction. The answer to question 1, therefore, is "Yes," as to the defendants who had been summoned.

It is claimed, however, that the defendants, The Rapp Lumber Company, C. H. Holden, Ralph Jones, O. H. Viall, H. C. Viall, and Richard Hamilton, Inc., were not properly summoned, and the Harlan circuit court was without jurisdiction to render judgment against them. An examination of the returns made by the sheriff of Knox county discloses that the only defendants in that action properly summoned and brought before the Harlan circuit court were Rapp Lumber Company, Kenwood Lumber Company, and Robert Viall. No summons was served on Richard Hamilton, Inc., The Rapp Lumber Company, O. H. Viall, or H. C. Viall. Summons was served on H. C. Viall as agent for Kenwood Lumber Company and others, but no summons was served on him as an individual. The attempt to bring the nonresidents, C. H. Holden and Ralph Jones, before the court by delivering a copy of the summons to H. C. Viall as their agent, of course availed nothing. The answer to question 2 is "No."

Section 285 of the Civil Code of Practice provides that an injunction to stay proceedings on a judgment shall not be granted, in an action brought by the party seeking the injunction, in any other court than that in which the judgment was rendered. But that section has no application where the judgment, the enforcement of which is sought to be enjoined, is void. The attempted enforcement of a void judgment may be enjoined in any court of competent jurisdiction other than the one in which the judgment was rendered. Hays v. Baker, 237 Ky. 265, 35 S. W. (2d) 296; Willis v. Tomes, 141 Ky. 431, 132 S. W. 1043.

It is contended that the petition in the action in the

Harlan circuit court in which the judgment against appellants was rendered does not authorize a personal judgment against the defendants therein, and is therefore void. This contention is based on the theory that the petition failed to state that each of the defendants obtained assets of Rapp Lumber Company equal in amount to the judgment against that company, and the case of Rex-Red Ash Coal Company v. Powers, 218 Ky. 93, 290 S. W. 1061, is relied upon. As was pointed out in that case, the petition failed to state any particular sum that any specified defendant received, and also it failed to point out whether the assets of the corporation, which was a defendant in the original judgment, went to pay debts of the corporation or were distributed among its stockholders. In the case of Jincie Fuson, Administratrix, v. Rapp Lumber Company et al., however, it was alleged that the assets of Rapp Lumber Company were distributed among its stockholders and two new corporations, The Rapp Lumber Company and Kenwood Lumber Company, and that they were not used to pay debts of the corporation. Further, it was alleged that stockholders of the newly organized corporations, The Rapp Lumber Company and the Kenwood Lumber Company, also were the stockholders of the Rapp Lumber Company, the assets of which were distributed. It also was alleged that the amount of the assets of the old corporation received by each of the defendants exceeded the amount of the judgment.

It also is contended that in the action in the Harlan circuit court a cancellation of the deed from Rapp Lumber Company to Richard Hamilton, Inc., was asked, and, since this land was located in another county, the court was without jurisdiction, and therefore the judgment is void. However, the court entered no judgment canceling the deed, and, merely because this relief was sought, the court was not deprived of jurisdiction to render a personal judgment against the defendants who had been served with process.

The judgment of the Harlan circuit court being void only as to the defendants who had not been summoned, we conclude that the judgment of the Knox circuit court should be affirmed as to Robert Viall and Kenwood Lumber Company and reversed as to O. H. Viall, H. C. Viall, C. H. Holden, Ralph Jones, The Rapp

Lumber Company, and Richard Hamilton, Inc., for further proceedings consistent herewith.