## Commonwealth, for Use and Benefit of Eversole, v. West et al.

(Decided October 13, 1936.)

HOMER C. CLAY and A. H. EVERSOLE for appellant.

T. E. MAHAN and TYE, SILER, GILLIS & SILER for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

By this action, E. G. Eversole is seeking to recover treble damages in the sum of $723.75, growing out of al-

leged false returns of the sheriff by one of his deputies on executions which issued on a number of judgments against the Whitley Grocery Company.

The opinion on a former appeal reversing a judgment in favor of the defendants will be found in 261 Ky. 204, 87 S. W. (2d) 385, 387. For a full statement of the facts and circumstances out of which the litigation grew, reference is made to that opinion. However, we might add that the contention of Eversole is that he did not sign or authorize his name to be signed to replevin bonds in satisfaction of the judgments against the Whitley Grocery Company as was shown by the return on the executions. As will appear from the opinion, the judgment on the former appeal was reversed, because the deputy sheriff who made the return on the execution was permitted to testify to statements made by Mr. Watkins, manager of the Grocery Company, concerning the alleged signature of Eversole on the replevin bonds and because the instruction authorized the jury to find for defendants, if they believed from the evidence that Eversole ''authorized another to sign his name'' to the bonds; there being no evidence of such authorization.

On second trial there was another verdict and judgment for the defendants, and Eversole is again appealing. Mr. Eversole stated positively that he did not sign the replevin bonds. On cross-examination he was asked to sign his name twice on a piece of paper and admitted that these signatures were very similar to the signature on the bonds. These signatures and the bonds were filed in evidence. At the time no objection was made to the introduction of the signatures of Eversole, or to the comparison of them with the signatures on the bonds; but at the close of all the evidence, his counsel made a motion to ''Withdraw from the jury the signatures of E. G. Eversole written here in open court, on the ground that it is not competent.''

The court overruled the motion and as a first ground for reversal it is urged that this was error, and section 1649, Kentucky Statutes, and section 604 of the Civil Code of Practice are cited as supporting such contention. The statute in question provides in effect that upon dispute as to the genuineness of the handwriting of a person in an action, prosecution, or proceeding, civil or criminal, other handwriting of such person not in the

case for any other purpose may be introduced for the purpose of comparison by witnesses with the writing in dispute, providing, however, among other things, that the genuineness of such writing is established to the satisfaction of the court and that they were written before any controversy arose concerning the genuineness of the writing in dispute. It is at once apparent that this section has no application in this case.

Section 604 of the Code provides:

"A writing shown to a witness may be inspected by the adverse party, and, if proved by the witness, it must be read to the jury before his testimony is closed; otherwise it cannot be read, unless the witness be recalled."

It is likewise apparent that this section does not support appellant's contention.

The return on the executions and replevin bonds were read or by agreement were considered as read in evidence. Counsel argue that a jury is not authorized to make comparisons of signatures, but the comparison must be made by witnesses who have a right under the statute to point out to the jury the similarity of the signatures. Even if the statute relied on applied in the circumstances, there is nothing in it that forbids the jury from making a comparison of signatures themselves, after they have been introduced in evidence and it is proper that they should.

It is further insisted that the jury did not, and were not permitted to, make a comparison of the signatures. It was shown by Eversole on cross-examination that he had filed the bonds in evidence and he was asked if he would file in evidence signatures he made while on the witness stand, which he did, and the court said, "Let them have it all," evidently referring to the jury, and there is nothing to indicate that the jury did not inspect the signatures. Be that as it may, appellant himself admitted the similarity of the signatures.

It is next urged that the court erred in giving instruction II, authorizing the jury to find single damages in the sum of $241.25, instead of giving instruction II offered by appellant authorizing a finding for treble damages in the sum of $723.75. Counsel, however, practically admit that since the jury found for defendant,

this instruction was not prejudicial, but insist that in the event of another trial the question should be settled. Since the jury found nothing for appellant, it is obvious that any error in the instruction concerning the amount the jury might find for him was not prejudicial, and our conclusion on the case as a whole renders it unnecessary to say more concerning the propriety of the instruction.

Finally, it is urged that the court erred in overruling motion to instruct the jury to find for appellant and further insist that the verdict is flagrantly against the evidence. These contentions may be properly treated together as they were in brief for appellant. In the former opinion it was said:

> "There were some circumstances, including the similarity of plaintiff's [appellant's] genuine signature to those questioned, which tend to refute the plaintiff's [appellant's] claim of non est factum."

As already indicated, signatures made by appellant while on the witness stand and replevin bonds bearing his purported signature were filed in evidence. When asked concerning the similarity, he said, "I admit they are very much alike."

A jury of his own fellow citizens permitted the similarity of the signatures which he himself admitted and other circumstances shown to outweigh his statement that he did not sign the bonds. Since there is evidence of probative and substantive character to support the verdict, it was proper to submit the case to the jury, and on the record as a whole it cannot be said that the verdict does not find sufficient support in the evidence.

Judgment affirmed.