# Kennedy v. Brink.

March 2, 1943.

R. Howard Smith for appellant.

Bert J. King, James R. McGarry, and Ralph Rich for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This appeal is from an order overruling Hubert Kennedy's motion for a capias ad satisfaciendum. The basis of that ruling may be better understood from a brief review of the history of the action in which the motion was filed.

On December 1, 1939, Kennedy recovered a judgment for $7,500 against James H. Brink for a brutal assault made upon him by Brink and his employees. No notation was made at the foot of the judgment showing that an execution could be made against the person of Brink, KRS 426.390, nor was any motion made by Kennedy at that time asking that such a notation be made. Brink appealed to this Court and we affirmed the judgment in Brink v. Kennedy, 286 Ky. 566, 151 S. W. (2d)

58.  Shortly after the mandate was issued, a writ of fieri facias was issued by the Clerk of the Kenton Circuit Court.  A few days later the sheriff made his report showing "No property found."  On February 4, 1942, Kennedy filed the motion which is the subject of this appeal.  It was overruled by the trial court upon the theory that, through his own neglect and laches, Kennedy had denied himself the right to have the writ granted.

The first paragraph of KRS 426.390 provides:

"(1) An execution against the person may issue, except against females, upon any judgment for trespass vi et armis, for seduction, slander, libel or malicious prosecution.  The court shall note at the foot of the judgment that an execution against the person may issue thereon."

It is at once apparent from this section of the Statutes that the right of the plaintiff to have an execution against the body of the defendant is governed entirely by the statute.  The trial court must make a determination upon the question of whether such an execution may issue and then make the appropriate notation at the foot of the judgment.

A capias ad satisfaciendum is defined in 12 C. J. S., Capias, p. 1120, in the following terms:

"A judicial writ of execution which issues out on the record of a judgment, and by which the sheriff is commanded to take the body of defendant in execution, and him safely to keep, so that he have his body in court at the return of the writ to satisfy plaintiff his debt and damages; a judicial writ, issuing in the regular progress of the cause; a writ commanding the sheriff to take the debtor's body and bring him into court at the return day that he may pay the debt."

The writ is a judicial one which may be issued in the regular progress of a cause.  In an action where such a writ is authorized, the failure of the judge to make the proper notation at the foot of the judgment results in the giving of less relief than that to which the party is entitled.  Such relief may be granted during the term in which the judgment is entered, but not thereafter.  In the case of Commonwealth, etc., v. Ratcliff, 119 Ky. 853,

84 S. W. 1147, a judgment was obtained against a sheriff in 1902 for taxes which he had collected over and above the constitutional limits. The judgment was not satisfied, and, in 1904, a motion was filed asking that a capias ad satisfaciendum be issued against the defendant. In affirming the judgment of the trial court in overruling the motion, it was said:

> "The appellant is proceeding upon the idea that the failure to append this to the judgment at the time it was rendered was a clerical misprision. This is a mistake. Even conceding that this writ should have been awarded or noted at the foot of the judgment of 1902, the failure to do so was an error of law and not clerical in its character, and appellant's remedy was by an appeal from this judgment. The failure of a court to render a judgment in conformity with the law is not a clerical misprision. See Rogers v. Bradford, 8 Bush [163], 164."

The Ratcliff case is controlling here. The soundness of the rule is apparent when we consider that a judicial determination must be made before the writ may be authorized, and, obviously, the time for making such a determination should be when the judgment is entered. See, also, Blair v. Russell, 14 Bush 412; Miller v. Howe, 245 Ky. 568, 53 S. W. (2d) 938; and 21 Am. Jur. 334; and also Leavison v. Rosenthal, 5 Ky. Law Rep. 132, for a superior court holding to the effect that a motion for such a writ, which was made at the next term after the rendition of the judgment, was too late.

Judgment affirmed.