## Barnes v. Groves.

June 25, 1943.

R. J. Wade for appellant.

William G. Reed for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—
Reversing.

In the year 1935 the appellant, Richard Barnes, obtained a judgment for $25 in the Carroll Quarterly Court against the appellee, Howard Groves, as damages for personal injuries as a result of being run over by the appellant's automobile. The judgment provided that capias ad satisfaciendum might issue. No appeal was taken from the judgment. In July, 1942 capias ad satisfaciendum was issued on the judgment and placed in the hands of the sheriff for execution.

Alleging the foregoing facts and further alleging that the judgment was void to the extent that capias ad satisfaciendum was awarded, the petition in this action, filed in the circuit court, sought an injunction against appellant and the sheriff to prevent the appellee's arrest under the capias. From a judgment granting the injunction this appeal is prosecuted.

This court has jurisdiction of the appeal although the amount of the judgment sought to be collected by use of the capias is only $25 since the appeal is from a judgment granting an injunction and is not merely an effort to circumvent the statute limiting our right to review a monetary judgment. Commonwealth v. Burnett, 274 Ky. 231, 118 S. W. (2d) 558; Newton v. Citizen's Bank of Shelbyville, 251 Ky. 790, 66 S. W. (2d) 7; Charos v. Jent et al., 293 Ky. 50, 168 S. W. (2d) 334.

While the quarterly court judgment may have been erroneous in awarding capias ad satisfaciendum (a question not necessary to be decided), it was not void in this particular since it was the province and duty of the court to determine whether execution of this nature might issue and to make provision with reference thereto in the judgment. Kennedy v. Brink, 293 Ky. 447, 169 S. W. (2d) 292.

And, since the judgment awarding the capias was not void, the circuit court was without authority to grant an injunction staying proceedings thereon. Section 285 of the Civil Code of Practice provides that "An injunction to stay proceedings on a judgment shall not be granted, in an action brought by the party seeking the injunction, in any other court than that in which the judgment was rendered." Construing this section, we have held that collection of a void judgment may be enjoined in a court other than the one rendering it. Viall et al. v. Walker, Sheriff, 248 Ky. 197, 58 S. W. (2d) 415; Ewing v. Union Central Bank, 254 Ky. 623, 72 S. W. (2d) 4; Commonwealth v. West, 261 Ky. 204, 87 S. W. (2d) 385. But unless the judgment is void a suit to enjoin execution issued under a judgment in a justice's court or in a quarterly court must be brought in the court rendering it. Ky. River Hardwood Co. v. Noble, 168 Ky. 773, 182 S. W. 941; McConnell v. Rowe, 1 S. W. 582, 8 Ky. Law Rep. 343; Stahl v. Brown, 84 Ky. 325, 1 S. W. 540. Under the authorities cited the circuit court was in error in enjoining proceedings under the quarterly court judgment which was not void.

Reversed with directions to enter a judgment in conformity with this opinion.