## LAWRENCE v. MERRICK.

Court of Appeals of Kentucky.
Oct. 17, 1952.

Newlin & Silliman, E. C. Newlin, Geo. R. Silliman, Danville, for appellant.

James F. Clay, Danville, for appellee.

DUNCAN, Justice.

This action arises from an oral contract entered into between appellant Lawrence and appellee Merrick.

Both parties admit that by the terms of the contract Merrick was to take possession of ten head of Lawrence's cattle, provide their feed and receive 25 cents per pound for weight gained during the time they remained in Merrick's possession.

The parties are in sharp disagreement concerning the period of time the cattle were to remain in appellee's possession and the type of feed they were to receive during that period. Lawrence insists that they were to be kept for only a period of 90 days, expiring on April 10, 1949, and were to receive a diet consisting of a full feed of corn, cottonseed meal and hay. Merrick, on the other hand, insists that the cattle were to remain in his possession until October or November, 1949, and that the matter of their feeding was to be entirely within his discretion, he being required merely to treat the cattle as his own.

Lawrence filed his petition on November 3, 1949, seeking a writ of delivery for the cattle, damages for their detention and for the failure to provide the type of feed which he asserts was required by the contract.

Merrick, by his answer and counterclaim, alleged his version of the agreement and sought to recover $862.50 representing the increased weight of the cattle computed at 25 cents per pound. The case was tried before a jury which awarded Merrick the full amount sought by his counterclaim.

There was ample evidence to support the verdict and there is no complaint concerning the admission or rejection of evidence. The sole question is whether or not the court erred in instructions given or refused.

Appellant contends that Instruction No. 1 was erroneous in that it was conjunctively phrased so as to require the jury to believe that appellant was correct both as to the period of feeding and type of feed the cattle were to receive. In other words, he insists that the jury might reasonably have accepted appellant's version concerning one feature of the contract and rejected it concerning another. He asserts that such an opportunity was not afforded the jury under this instruction.

The difficulty with appellant's position is that the instruction offered by him and refused by the court contained the same conjunctive phraseology which he insists was erroneous in the instruction given. The offered instruction was in language of equally certain terms as the given instruction and required the jury to accept appellant's version of the contract on both disputed provisions before it could return a verdict in his favor.

It is a well-recognized principle in this jurisdiction that a party cannot complain of an instruction containing the same vice as one offered by him. In such case, he is considered as inviting the error of which he complains. Moore v. Decker, 312 Ky. 80, 226 S.W.2d 519; Codell Const. Co. v. Steele, 247 Ky. 173, 56 S.W.2d 955; Collins' Adm'r v. Chesapeake & O. Ry. Co., 276 Ky. 659, 124 S.W.2d 1039.

Appellant also complains that the jury was not instructed with reference to damages for unlawful detention. The verdict of the jury for appellee on his counterclaim implies an acceptance of appellee's version of the contract and a refusal of appellant's claim. He, therefore, could not have been prejudiced by the omission. Commonwealth for Use and Benefit of Eversole v. West, 265 Ky. 550, 97 S.W.2d 405; Louisville Ry. Co. v. Kramer, 226 Ky. 739, 11 S.W.2d 930.

For the reasons indicated, the judgment is affirmed.